572 So.2d 39 (1990)
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
The ESTATE OF Giles DAVIS.
No. 90-C-1046.
Supreme Court of Louisiana.
December 3, 1990.
Rehearing Denied February 7, 1991.
*40 Galen S. Brown, Lamothe & Hamilton, Mack E. Barham, Robert E. Arceneaux, Gail N. Wise, Barham & Associates, New Orleans, and Dale Brou, Boutte, for Estate of Giles Davis, Geraldine Hill, Thelma Hubbard Giles and succession of Mathilda Davis, defendant-applicant.
Jesse S. Guillot, New Orleans, Counsel for State of La. through the Dept. of Transp. & Development, plaintiff-respondent.
MARCUS, Justice.
This lawsuit involves an expropriation proceeding in St. Charles Parish, Louisiana, pursuant to La.R.S. 48:441 et seq. On July 8, 1983, the State of Louisiana, Department of Transportation and Development (Department), filed a petition to expropriate in full ownership a tract of land in the parish of St. Charles containing 9.046 acres for the purpose of State Project No. 450-38-01, New Orleans Loop, on State Route La. I-310. Named as defendant was the Estate of Giles Davis (Estate), the alleged owner of the property. The petition alleged that since Giles Davis is deceased, it was necessary that an attorney at law be appointed to represent the Estate upon whom service of process could be made and against whom proceedings could be conducted contradictorily. The just compensation for the property was estimated at $94,450. On July 15, 1983, the trial judge signed an order of expropriation whereby the Estate was to surrender possession of the property unto the Department immediately upon placing by the Department of the deposit of the estimated compensation in the registry of the court. An attorney at law was appointed to represent and act for the Estate. On the same day, the Department placed the deposit of $94,450 in the registry of the court.
On July 21, 1983, six days later, Harold J. Sonnier filed a motion to be recognized as attorney of record for the Estate[1] and a motion to withdraw the $94,450 deposit. On the same day, the motions were granted by the trial judge and Sonnier withdrew the funds from the registry of the court. On October 4, 1983, Sonnier filed an answer to the expropriation suit, first asserting that just compensation for the property was $199,464.30 and later amending his answer to increase the value of the property to $370,900. On April 23, 1984, a petition for intervention was filed by Jo Ann Davis, an alleged heir of Giles Davis, opposing the position of both the Department and the Estate. She was not represented by Harold Sonnier. She prayed to be recognized as an heir to the Estate and as such entitled to take her full share in the proceeds obtained by the Estate as a result of the expropriation. Her petition to intervene was granted.
Thereafter, on September 21, 1984, the Estate, the Department and Jo Ann Davis filed a joint petition to settle the expropriation suit whereby the Department deposited an additional $126,250 in the registry of *41 the court for a total of $220,700 as a final award of just and adequate compensation for the property. Judgment was rendered authorizing the Department to pay to the Estate and Jo Ann Davis the additional amount of $126,250 which had been placed on deposit in the registry of the court. Sonnier withdrew $115,890.40 and the remaining $10,359.60 was withdrawn by Jo Ann Davis.
About two months later, when Sonnier's clients, as well as the heirs of Giles Davis not represented by Sonnier in the expropriation suit, learned of the settlement judgment, they filed two lawsuits. The first was a petition to annul the settlement judgment alleging that Sonnier never informed them of his attempt to compromise the expropriation suit and that none of the sums paid to him were received by the heirs. They further alleged that the settlement judgment should be annulled because it was rendered against the "Estate of Giles Davis" which is not a proper party to the lawsuit and because it was obtained by fraud or ill practices. The second suit was filed against Harold Sonnier to enjoin him from expending monies withdrawn from the registry of the court, to order an accounting of those funds and for damages. The suits were consolidated for trial. Based on a stipulation of facts, judgment was rendered against the Department annulling the September 21, 1984 settlement judgment insofar as it authorized the withdrawal of $115,890.40 by Harold Sonnier on behalf of the Estate but affirming the judgment insofar as it authorized the withdrawal of $10,359.60 by Jo Ann Davis.[2] In the suit against Sonnier, the trial judge ordered that the sums withdrawn from the registry of the court by Harold Sonnier be returned.[3]
Subsequently, on October 27, 1988, the expropriation suit was tried.[4] The trial judge rendered judgment awarding the Estate the sum of $218,604 as just and adequate compensation for the expropriation of the property. He gave the Department credit for the $220,700 it had deposited in the registry of the court concluding that "it would be unwise and unfair to make [the Department] pay twice." He awarded $10,000 in attorney fees. The Estate's motion for a new trial was denied. The court of appeal, 560 So.2d 566, affirmed the award of compensation and attorney fees. It also affirmed the credit in favor of the Department for sums previously paid, finding that the Department followed procedures set forth in the expropriation statutes by depositing funds in the registry of the court. The court held that it was the responsibility of the trial court, not the Department, to disburse the funds so deposited; hence, the Department acted properly and was entitled to a credit. The court amended the judgment to award interest on $126,250 from the date the Estate answered the expropriation suit demanding additional compensation (October 4, 1983), until the date the Department made its second deposit *42 in the registry of the court (September 21, 1984). It remanded the case to the trial court for clarification on expert fees of $5390 for J. Bradley Oubre since costs awarded by the trial judge were not itemized.[5]
Upon application by the Estate of Giles Davis and Geraldine Hill and Thelma Hubbard, Co-Executrixes of the Estates of Giles and Mathilda Davis,[6] we granted certiorari primarily to review that portion of the decision allowing credit to the compensation award for the deposits ($220,700) made by the Department in the registry of the court.[7]
The Estate contends that it was error to grant the Department credit for the deposits it paid in the registry of the court because the Department's suit was filed against an improper party.
Since expropriation proceedings are in derogation of the right of individuals to own property, the law governing these proceedings must be strictly construed against the expropriating authority. State, Dept. of Highways v. Jeanerette Lumber & Shingle Co., 350 So.2d 847 (La.1977). Both the constitution and statutory rules regulate and limit the manner in which expropriation may be affected. La. Const. Art. 1, § 4 provides in pertinent part that "[p]roperty shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit" [Emphasis added]. The subject property was expropriated pursuant to La.R.S. 48:441 et seq., sometimes referred to as the "quick taking" statutes. La.R.S. 48:442(2) provides that "[t]he petition [filed by the Department] shall contain a statement of the purpose for which the property is to be expropriated, ... and the name of the owner if known." La.R.S. 48:445 further provides that "[u]pon the deposit of the amount of the estimate in the registry of the court for the use and benefit of the persons entitled thereto,... title to the property and the property rights specified in the petition shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto" [Emphasis added]. Thus, it is clear that under the expropriation statutes the Department's suit must be filed against the proper party (the property owner), and the deposit made for his benefit.
The Department claims that it properly sued the owner of the property by filing a petition naming as defendant the "Estate of Giles Davis" and appointing an attorney at law to represent the Estate since Giles Davis was deceased.[8]
The proper party defendant in a suit against a succession is a succession representative. *43 La.Code Civ.P. art. 734. A "succession representative" includes an administrator, provisional administrator, administrator of a vacant succession, executor, and dative testamentary executor. La. Code Civ.P. art. 2826(2). The suit by the Department against the Estate of Giles Davis was in effect a suit against the succession; therefore, the proper party defendant was not an attorney at law appointed by the court to represent the Estate, but a succession representative. La.Code Civ.P. art. 734; Holland v. Unopened Succession of Holland, 562 So.2d 1022 (La.App. 3d Cir.), writ denied, 566 So.2d 399 (La.1990).[9] Thus, it was the Department's duty to determine whether or not the succession of Giles Davis had been opened and whether there was in existence a succession representative and, if not, to initiate proceedings to open the succession and have the proper succession representative appointed and subsequently named as the defendant in the expropriation suit.[10]
Having filed suit against an improper party, the funds deposited in the registry of the court were not deposited "for the use and benefit of the persons entitled thereto." An attorney purporting to represent the "Estate of Giles Davis," who in fact only represented about half of the potential heirs of the succession of Giles Davis, withdrew the deposits from the registry of the court and failed to distribute most of the funds to the rightful heirs.[11] Because the succession was not properly represented as a party defendant, it was not protected against the actions of the attorney purporting to represent the succession. As a result, the heirs of Giles Davis have not received the just compensation that is due to them. Inasmuch as this was the fault of the Department, it should not be allowed a credit for the funds ($220,700) previously deposited into the registry of the court.
Additional issues presented as a result of our grant of certiorari are: (1) the amount of interest on the compensation award, (2) the award of attorney fees for the Estate, and (3) the amount of compensation for the expropriated property.

THE AMOUNT OF INTEREST
La.R.S. 48:455 provides for the amount of legal interest to be awarded in expropriation suits. At the time this suit was filed the statute provided:
The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court [Emphasis added].
The statute was amended by Act 882 of 1988 to read as follows:
If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment [Emphasis added].
*44 In the instant case, two deposits were placed in the registry of the court. The first deposit of $94,450 was made on July 15, 1983.[12] The Estate answered the suit on October 4, 1983, demanding additional compensation. A second deposit of $126,250 was made on September 21, 1984, making the total amount deposited $220,700. The trial judge rendered judgment awarding as just compensation for the property the sum of $218,604. The judgment was silent as to interest. The court of appeal amended the judgment to award legal interest from date of legal demand, October 4, 1983, (when the answer was filed by the Estate demanding more money than was initially deposited in the registry of the court) until September 21, 1984, when the additional deposit was made in the registry of the court. In awarding legal interest the court of appeal gave the amended version of La.R.S. 48:455 retroactive effect. The Estate argues that it was error to give the amended version of the statute retroactive effect. We agree.
"In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." La.Civ.Code art. 6. Legal interest is a matter of substantive law and a change in the law that alters an award of legal interest should not be given retroactive effect unless the legislature so provides. State, Department of Highways v. Ronaldson, 316 So.2d 898 (La.App. 1st Cir.1975); Parish of East Baton Rouge v. Harrison, 260 So.2d 106 (La.App. 1st Cir.) writ denied, 261 La. 1062, 262 So.2d 43 (1972).
We hold that since La.R.S. 48:455 affects the substantive rights of the landowner in expropriation proceedings to just compensation for his property, the version of the statute in effect at the time of the filing of this lawsuit should apply, not the amended version.[13] Hence, legal interest should be awarded on the amount of the judgment that exceeded the initial deposit from July 15, 1983, the date title vested in the Department, until September 21, 1984, the date that the additional compensation was deposited in the registry of the court.[14]

THE AWARD OF ATTORNEY FEES FOR THE ESTATE
La.R.S. 48:453(E) provides that "[r]easonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
The trial judge awarded $10,000 in attorney fees to the Estate's attorneys. The court of appeal affirmed. Attorneys for the Estate contend that considering the totality of the effort expended by counsel for their clients, including the injunction action against Sonnier, the action to nullify the settlement judgment, as well as the expropriation trial, the award of $10,000 is "grossly" inadequate to compensate them *45 for the considerable work done at both the trial and appellate levels.
Attorney fees in expropriation cases are discretionary with the trial court. A number of factors should be considered including the complexity of the case, the responsibility required of the attorney, his skill, knowledge and diligence, the result obtained and the work performed. State, Department of Transportation v. Hecker, 493 So.2d 125 (La.App. 5th Cir.), writs denied, 494 So.2d 325, 326 (La.1986).
Considering the protracted litigation caused by the failure of the Department to name the proper party defendant, we find that the trial judge abused his discretion in awarding only $10,000 in attorney fees; rather, we consider an award of $25,000 to be more appropriate.[15]

AMOUNT OF COMPENSATION
The trial judge awarded to the Estate $218,604 as just and adequate compensation for the property finding that the appraisal of the property by Jack Evans, the Department's appraiser, came closer to the measure of compensation that should be allowed the Estate. The court of appeal affirmed.
J. Bradley Oubre testified as an expert property appraiser at trial on behalf of the Estate. Mr. Oubre submitted two appraisals. One was dated March 24, 1984, and valued the land as of the date of expropriation, July 15, 1983, at $220,700 or $.56 per square foot based upon comparable sales in the surrounding area. On or about September 16, 1987, Oubre made a second appraisal of the property based upon the value of the property as of the same expropriation date but estimating the value of the property to be $698,348 or $1.76 per square foot. The second appraisal added five new comparable sales. Oubre concluded that the highest and best use of the property would be a zoning of R-3 with a maximum of 126 multi-family units. Oubre explained that land values were impacted by the highway project and sales prices at the time of taking did not fairly depict market value. He claimed that the second appraisal more accurately reflected market value at the time of taking based upon comparable sales in the immediate parish area.
Jack E. Evans, Jr., an expert real estate appraiser, testified at trial on behalf of the Department. It was on his original appraisal that the Department based its first $94,450 deposit. Using comparable land sales as the method of computation, he valued the land at $218,604, or $.55 per square foot. He was of the opinion that the demand in a predominantly rural area would not support the highest and best use of the R-3 zoning but instead would support its current use as an estate site for residential purposes.[16]
In expropriation proceedings, much discretion is granted to the trier of fact. The trial judge's factual determinations as to value of property and severance damages, and his evaluation of and weight given to testimony of expert witnesses, will not be disturbed on review in the absence of manifest error. State, Dept. of Transp. & Dev. v. Stumpf, 519 So.2d 279 (La.App. 5th Cir.), writ denied, 520 So.2d 753 (La. 1988). The trial judge considered the valuation of Mr. Evans, the Department's appraiser, to be closest to the measure of compensation that should be allowed. Mr. Evans valued the property at $218,604. Even the first appraisal of Mr. Oubre, the Estate's expert, was $220,700. Moreover, the award in the settlement judgment (even though annulled insofar as it authorized the withdrawal of funds by Sonnier) was $220,700. Accordingly, we are unable to say that the trial judge's valuation of $218,604 was manifestly erroneous.

*46 SUMMARY
We find that the Department should not be allowed a credit for the funds ($220,700) previously deposited in the registry of the court. Second, legal interest should be awarded on the amount of the judgment that exceeded the initial deposit from July 15, 1983, the date title vested in the Department, until September 21, 1984, the date that the additional compensation was deposited in the registry of the court. Third, the amount of attorney fees are increased from $10,000 to $25,000. Fourth, we affirm the award of compensation. Finally, we remand the case to the trial court for clarification on the issue of expert fees and to recast the judgment in favor of the heirs of Giles and Mathilda Davis, and against the Department for the amount of $218,604 together with costs, subject to a credit for amounts previously received by the heirs.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed insofar as it granted a credit to the Department for the funds ($220,700) it deposited in the registry of the court. The judgment awarding legal interest is amended to award interest on the amount of the judgment that exceeded the initial deposit from July 15, 1983, until September 21, 1984. The judgment of the court of appeal is amended to increase the award of attorney fees from $10,000 to $25,000. The judgment of the court of appeal awarding compensation in the amount of $218,604 is affirmed. The case is remanded to the trial court to clarify the issue of expert fees and to recast the judgment in favor of the heirs of Giles and Mathilda Davis, and against the Department in the amount of $218,604 together with costs, subject to a credit for amounts previously received by the heirs.
NOTES
[1] Sonnier had secured employment contracts from about half of the heirs of Giles Davis. Prior to the filing of the expropriation suit, Sonnier had negotiated the sale of four houses located on the property belonging to some of the heirs. The Department paid to Sonnier $86,879 for the houses. Sonnier distributed the proceeds to those heirs, retaining a fee for himself.
[2] The Department appealed. The court of appeal affirmed finding that the settlement judgment confected by Sonnier without the consent of his clients was an ill practice and should be annulled. No. 86-CA-380 consolidated with 86-CA-381 (La.App. 5th Cir.1987) (not designated for publication). This court denied writs. 504 So.2d 878 (La.1987).
[3] The judgment noted that the sum of $73,990.82 had heretofore been returned by Sonnier into the registry of the court. The judgment ordered the additional sum of $105,569.58 be returned together with legal interest from the date of the judgment and costs. Upon the deposit of the above sum, Sonnier would be paid $5000 which was found due him as quantum meruit for attorney fees for services rendered to his clients. This judgment was not appealed.

The record indicates that $59,411.80 remained on deposit in the registry of the court at the time of trial. According to briefs filed in this court, the amount of $45,800 has not been recovered from Sonnier. The Estate alleged that a financial institution has intervened as a creditor of Sonnier claiming a right to a portion of the funds.
[4] Prior to trial, on June 23, 1986, Geraldine Dorsey Hill and Thelma Reason Hubbard were appointed co-administratrixes of the "Succession of Giles Davis and Mathilda Davis" and letters of administration were issued to them on the same day. On August 11, 1986, a judgment of possession was signed placing the heirs of Giles and Mathilda Davis in possession of the property in their proportionate shares. Succession of Giles Davis and Mathilda Davis, # P-2357, Div. "E", 29th J.D.C., Parish of St. Charles, State of Louisiana. However, the record does not reveal that the co-administratrixes or the heirs have ever been substituted as party defendants.
[5] J. Bradley Oubre, the appraiser for the Estate, made two appraisals. The first was done at the request of Sonnier in 1983. In 1985, Oubre intervened in the expropriation suit alleging that the Estate never paid him for the services rendered. The trial judge rendered judgment awarding him $3650 in expert fees.

Oubre performed a second appraisal in 1987. He requested an additional $5390 for the second appraisal report at trial. While the trial judge awarded "costs" to the Estate, he did not specify whether those costs included this fee. At the hearing on the motion for a new trial, the Estate urged the trial judge to award the fee. The trial judge noted that the amount was "quite a bit." Although he denied the motion for a new trial, he did not rule on the fee. Accordingly, we agree with the court of appeal that the case should be remanded for clarification on this issue.
[6] See fn. 4, supra.
[7] 565 So.2d 424 (La.1990).
[8] The Department relied upon La.Code Civ.P. arts. 5091 and 2674 as authority for appointing an attorney at law to represent the unopened succession referred to in the petition as the Estate of Giles Davis. Art. 5091 provides in pertinent part:

The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when: (2) The action or proceeding is in rem and; (a) the defendant is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession judicially; ....
Art. 2674 provides in pertinent part:
The court shall appoint an attorney at law to represent the unrepresented defendant in an executory proceeding under the following circumstances: (2) When the debtor is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession.
[9] In Holland, the court of appeal annulled a judgment based on a petition filed against "the unopened succession of David Rollan Holland" in which a curator ad hoc had been appointed to represent the unopened succession. The court held that the proper party defendant in an action against an unopened succession is the succession representative, and in order for suit to be brought against a succession, the succession should be opened through legal proceedings and a succession representative meeting proper qualifications be appointed.
[10] When the property was expropriated, the succession of Giles Davis had never been opened. The Department should have petitioned to open the succession and appointed a provisional administrator. La.Code Civ.P. art. 3111. The provisional administrator would have been required to furnish a bond (while the attorney appointed by the court in the instant case to represent the Estate was not required to do so). La.Code Civ.P. art. 3112. If the provisional administrator of the succession would have mishandled the funds, then the bond would have been available to the heirs of the succession. La.Code Civ.P. art. 3152.
[11] According to a "Motion to Withdraw Funds" filed in the expropriation lawsuit, $37,780 was distributed to three of Sonnier's clients who are heirs of Giles Davis.
[12] While the expropriation petition was filed on July 8, 1983, the expropriation order was signed and the deposit was received in the registry of the court on July 15, 1983. Thus, the date that title to the property vested in the Department was the date of deposit. La.R.S. 48:444 and 48:445.
[13] In State, Dept. of Transp. & Dev. v. Stein, 570 So.2d 513 (La.App. 5th Cir.1990), the fifth circuit sitting en banc held that the interest provision of La.R.S. 48:455 is substantive and should be applied prospectively only. It applied the version of the statute in effect at the time the property was expropriated in 1978, not the amended version. Accord, State, Dept. of Transp. & Dev. v. Anderson, 568 So.2d 657 (La. App. 3d Cir.1990); State, Dept. of Transp. & Dev. v. Lanier, 564 So.2d 791 (La.App. 2d Cir.1990); Dept. of Transp. & Dev. v. Williamson, 557 So.2d 731 (La.App. 2d Cir.), writ denied, 563 So.2d 1157 (La.1990). The court in Stein expressly overruled State, DOTD v. McClendon, 552 So.2d 1220 (La.App. 5th Cir.), writ denied, 556 So.2d 38 (La.1990) and its decision on this issue in this case, both to the contrary. We overrule State, Dept. of Transp. v. Maynard, 565 So.2d 532 (La.App. 4th Cir.), writ denied, 568 So.2d 1079 (La.1990) insofar as it conflicts with our decision on this issue.
[14] After September 21, 1984, interest was no longer due since the second deposit exceeded the amount of the judgment.
[15] Since we are affirming the award of $218,604 as just compensation, then 25% of the difference between the award and the amount deposited in the registry of the court initially would be $31,026. Thus, an award of $25,000 in attorney fees is within the statutory range of La.R.S. 48:453.
[16] The appraisal by a second Department expert, Mr. Derbes, was offered into evidence. He estimated the value of the property at the time of taking to be $10,000 per acre for a total value of $90,500.