576 So.2d 1174 (1991)
STATE of Louisiana Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
CHAMBERS INVESTMENT COMPANY, INC., Defendant-Appellee.
No. 89-924.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Rehearing Denied April 22, 1991.
*1175 Bertrand & Soileau, Ronnie Bertrand, Rayne, for plaintiff/appellant.
Provosty, Sadler, H. Brenner Sadler, Alexandria, for defendant/appellee.
Before DOMENGEAUX, C.J., and GUIDRY and DOUCET, JJ.
DOUCET, Judge.
This is an appeal from a jury verdict awarding damages incidental to an expropriation. On April 24, 1986, the State, through the Department of Transportation and Development (DOTD), expropriated 41.951 acres from a 300 acre tract in Rapides Parish in connection with the building of Interstate Highway 49, and deposited $758,881.00 in the registry of the court as its estimate of the full compensation to the landowners for the taking. The landowner, Chambers Investment Co., Inc. (Chambers), answered the suit on June 3, 1988, and reconvened seeking additional amounts for the value of the land taken, severance damages, and an additional amount for economic loss.
Before the taking Chambers, a small family owned corporation, owned 300 contiguous *1176 acres in Rapides Parish, just outside Alexandria. The property was located in a bend of Bayou Robert, which bounded it on three sides. The remaining east side was bounded by the Union Pacific Railroad. The tract had been farmed by members of the Chambers family since its acquisition in the 1940s until the expropriation in 1986. During the mid-1970s, Chambers looked into the possibility of developing the property as a residential subdivision. To this end plans were prepared. However, development plans were dropped, according to a representative of Chambers, when Chambers became aware that the property was in the proposed path of I-49.
In 1986, the State expropriated a 41.951 acre strip out of the middle of the property, thereby splitting the remainder into two pieces and isolating 118.6 acres on the north and 140.1 acres on the south of I-49.
This matter was tried before a jury on April 18 and 19, 1989. After hearing the testimony of a representative of Chambers, and of expert witnesses for both the State and Chambers, the jury returned a verdict in favor of Chambers. Judgment was rendered in the form of the jury verdict awarding $297,852.00 as the value of the part taken; $922,720.00 as severance damages; and $510,671.00 as additional damages, subject to a credit of $758,881.00 previously deposited, with legal interest from April 25, 1986. Additionally, the court awarded attorney's fees in the amount of $184,200.00 and $15,129.00 for legal fees.
The State appeals alleging four assignments of error as follows:
I.
THE JURY ERRED IN AWARDING COMPENSATION FOR DELAY DAMAGES TO THE LANDOWNER BECAUSE SUCH DAMAGES ARE NOT RECOVERABLE IN AN EXPROPRIATION PROCEEDING UNDER LOUISIANA LAW.
II.
ALTERNATIVELY, THE JURY ERRED IN AWARDING DELAY DAMAGES TO THE LANDOWNER IN THE ABSENCE OF SUFFICIENT EVIDENCE TO JUSTIFY SUCH AN AWARD.
III.
THE TRIAL JUDGE ERRED IN AWARDING AN EXCESSIVE AMOUNT OF ATTORNEY'S FEES.
IV.
THE TRIAL JUDGE ERRED IN AWARDING LEGAL INTEREST FROM THE DATE OF EXPROPRIATION BECAUSE LEGAL INTEREST IS NOW ONLY DUE FROM THE DATE THAT AN ANSWER IS FILED.
The State does not dispute either the jury's determination of the value of the property taken or the award of severance damages. Therefore, we need not consider these awards.

LOSS OF USE
The State argues that the "other damages" awarded by the jury are not recoverable under the expropriation statute. The State contends that this award was for loss of use and, as such, was simply an additional award of severance damages. The State further contends that even if such damages are recoverable, the landowner did not carry its burden of proving the loss.
Article I, Section 4 of the Louisiana Constitution of 1974 provides that the landowner whose property has been expropriated "shall be compensated to the full extent of his loss." This provision has been interpreted by the courts of this State to mean that the landowner must be paid not only the market value of the property taken and severance damages to the remainder, but also that the owner must be put in as good a pecuniary position as he would have had, had his property not been taken. State, through D.O.T.D. v. Constant, 369 So.2d 699 (La.1979); State, D.O.T.D. v. Crawford Business Trusts, 538 So.2d 1078 (La.App. 3rd Cir.1989), writ denied, 542 So.2d 1381 (La.1989).
A landowner must now be compensated for any loss sustained as a result of *1177 the taking upon adequate proof of loss. If an owner establishes damages resulting from loss of use, he may be compensated for the loss. A landowner may recover damages suffered because property has been taken out of commerce for an unreasonable length of time by an expropriation. State, D.O.T.D. v. Maynard, 565 So.2d 532 (La.App. 4th Cir.1990), writ denied, 568 So.2d 1079 (La.1990). Therefore, we must determine whether Chambers has adequately proven such a loss.
Generally, damages for expropriation are to be awarded according to the highest and best use of the property. State, through D.O.T.D. v. Estate of Davis, 560 So.2d 566 (La.App. 5th Cir. 1990). Gene Cope, testifying as an expert in the field of real estate appraisal, gave it as his opinion that the highest and best use of the property was for residental development. Additionally, Harold M. Chambers, Jr., speaking on behalf of Chambers, testified that plans for development of the property had been drawn up and abandoned only when the probability of expropriation came to light.
Cope testified that it would take approximately five years from the date of expropriation to finish the highway project and that it would not be prudent to develop the property and offer it for sale during the construction process. Therefore, he concluded that the land was not available to be put to its highest and best use while construction was under way. He further stated that during that period, the landowner would be deprived of the money he could have made had development been possible. He calculated the amount of this loss as $548,680.00. Cope testified that he arrived at this figure based on the amount which could have been earned had an amount representing the value of the property been invested in corporate BAA bonds which, in his opinion, react most similarly to the real estate investment market.
While the DOTD called two expert witnesses, neither testified as to the possibility that the landowner would lose money as a result of loss of use of the property. Mr. Darrel Willet, testifying as an expert real estate appraiser for the DOTD, stated he believed that the loss was one actually suffered by Chambers but that he did not believe he was allowed to consider such losses when calculating damages from expropriation.
Having considered the testimony as a whole, we find sufficient evidence to support the conclusion that Chambers would suffer an economic loss as a result of the expropriation and highway construction. Further, the amount of damages awarded by the trier of fact in compensation of that loss is adequately supported by the uncontradicted testimony of Gene Cope. Therefore, we have no basis for disturbing the trial court's award of damages for loss of use of the property.

ATTORNEY'S FEES
The State next argues that an excessive award of attorney's fees was made by the trial judge. Under La.R.S. 48:453(E) in connection with an expropriation case:
Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed twenty-five percent of the difference between the award and the amount deposited in the registry of the court.
In this case, the trial judge awarded attorney's fees of $184,200.00, or about 19% of the difference between the award and the amount deposited in the Registry of the Court. The determination of an attorney's fee within the statutory limit is within the discretion of the trial court and should not be disturbed in the absence of clear error.
Having carefully reviewed the record, we find the amount of the fee to be entirely reasonable, especially considering the amount of the excess award (i.e., $972,362.00), the complexity of the issues, and the amount of work required. Therefore, the trial court's award of attorney's fees is correct.

*1178 INTEREST
The final issue before this court in this case concerns the retroactivity of the 1988 revision of La.R.S. 48:455. The trial court's judgment, dated May 10, 1989, awards interest from the date of expropriation. This was a correct award under the version of La.R.S. 48:455 in effect prior to September 8, 1988. However, on September 8, 1988, La.R.S. 48:455 was amended to read as follows:
"If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney's fees prior to judgment."
The State argues that the amended provision was in effect on the date the judgment was signed and that as a result interest should only have been awarded from the date Chambers filed its demand for additional compensation.
The Supreme Court recently dealt with the retroactivity of an amendment to La. R.S. 48:455 in State, D.O.T.D. v. Estate of Davis, 572 So.2d 39 (La.1990). The Court in that case found that, "Since La.R.S. 48:455 affects the substantive rights of the landowner in expropriation proceeding to just compensation for his property," the amendment is not to be retroactively applied and, "... the version in effect at the time of the filing of [the] lawsuit should apply, not the amended version." Accordingly, the trial court in this case correctly awarded interest from the date of the expropriation. Therefore, the trial court's judgment is affirmed. Costs of this appeal are to be paid by the plaintiff.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons and would grant rehearing.
GUIDRY, Judge, dissenting.
I dissent from the majority's affirmation of the award of "delay damages". In my opinion, the award lacks an evidentiary foundation and is based on pure speculation. There is no basis in the record for a conclusion that Chambers dropped its 1970s plans for residential development because it became aware that the property was in the proposed path of I-49. In the mid-1970s the location of I-49 in this area had not yet been established or proposed. This is a far cry from the circumstances of Maynard, on which the majority relies. In Maynard, the landowners' attempt to subdivide was actively opposed by the State. Additionally, in this case, unlike Maynard, the record does not reflect that construction of I-49 has or will deny Chambers access to their remaining property. Further, Chambers has presumably been compensated by way of severance damages for any loss in value to its remaining property occasioned by reason of its proximity to I-49. For these reasons, I respectfully dissent.