578 So.2d 558 (1991)
STATE of LouisianaDEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant-Appellee,
v.
BROOKHOLLOW OF ALEXANDRIA, INC., Defendant-Appellee-Appellant.
No. 89-1191.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
Writs Denied June 21, 1991.
*560 Bertrand & Soileau, Ronald Bertrand, Rayne, for plaintiff-appellant-appellee.
Anna Dow, Baton Rouge, and Charles Gravel, Alexandria, for defendant-appellee-appellant.
Before STOKER, KNOLL and KING, JJ.
KING, Judge.
This appeal presents for review whether the trial court's awards for damages and attorney's fees in an expropriation proceeding are correct.
The State of Louisiana, through the Department of Transportation and Development (hereinafter plaintiff) filed suit to expropriate land from Brookhollow of Alexandria, Inc. (hereinafter defendant) on September 29, 1987. Plaintiff deposited $432,755.00 into the registry of the court as its estimate of just compensation for the expropriation of defendant's property.
On December 15, 1987, defendant answered plaintiff's suit seeking additional compensation from the plaintiff for the expropriation. A trial on the merits was held on May 3 and 4, 1989. The trial court rendered judgment fixing compensation at $655,000.00. The trial court also awarded defendant $20,000.00 in attorney's fees and $8,000.00 for expert witness fees. A formal written judgment was signed by the trial court on July 14, 1989.
Plaintiff filed a timely suspensive appeal from the trial court's judgment. Defendant also timely appeals the trial court's judgment and answered plaintiff's appeal seeking an increase in the amount of damages and attorney's fees awarded to defendant. We affirm the judgment of the trial court and increase defendant's attorney's fees by $1,500.00 for services rendered in connection with the appeal.

FACTS
In 1973 and 1974, defendant negotiated for and purchased approximately 246 acres of land (hereinafter the property) just outside the city limits of Alexandria, Louisiana for development. In approximately 1978, defendant learned that I-49 would be constructed near its property and would result in the loss of some of its property. Defendant asked the plaintiff to expedite the expropriation, but plaintiff refused.
Plaintiff filed suit in 1987, almost ten years after defendant first learned of the *561 proposed expropriation, to expropriate approximately thirty acres of defendant's land. Although listed as one parcel, the expropriation actually consisted of two non-contiguous tracts of land. The larger part taken will be used for I-49 and the smaller tract will be used to relocate Highway 1208-1, which had previously run alongside the property.
Plaintiff deposited $432,755.00 into the registry of the court as its estimate of just compensation for the expropriation of defendant's property. On December 15, 1987, defendant answered plaintiff's suit seeking additional compensation for the land expropriated. A trial on the merits was held on May 3 and 4, 1989. The trial court rendered judgment fixing compensation at $655,000.00, an amount which exceeded plaintiff's original deposit by $222,245.00. The trial court also awarded defendant $20,000.00 in attorney's fees and $8,000.00 for expert witness fees. A formal written judgment was signed by the trial judge on July 14, 1989.
Plaintiff filed a timely suspensive appeal urging two assignments of error. First, that the trial judge erred in awarding damages for loss of use to defendant as such damages are not recoverable in an expropriation proceeding under Louisiana law. Second, that, in the alternative, the trial judge erred in awarding damages for loss of use to defendant in the absence of sufficient evidence to justify such an award. Defendant answered plaintiff's appeal asking for an increase in the damages awarded and seeking additional attorney's fees. On appeal defendant urges three assignments of error. First, that the trial court erred by failing to award damages for condemnation blight. Second, that the trial court erred by awarding only $150,000.00 for damages for loss of use when expert testimony indicated that the amount awarded should have been $653,639.00. Third, that the trial court erred in failing to award sufficient attorney's fees.

LAW
The first assignment of error urged by plaintiff is that the trial judge erred in awarding damages for loss of use, so called "delay damages," to defendant. Plaintiff argues that such damages are not recoverable in an expropriation proceeding under Louisiana law.
Plaintiff argues that, under La.R.S. 48:453(B), damages are only to be determined on a basis of land values immediately before and immediately after the taking. However, La.R.S. 48:453(B) also states that, when determining damages, the effect of the completion of the project in the manner proposed or planned should also be taken into consideration and that the owner shall be compensated to the full extent of his loss.
The Louisiana Constitution of 1974, Article 1, Section 4, effected substantial changes in Louisiana expropriation law by requiring that a property owner in an expropriation proceeding be compensated "to the full extent of his loss." Under this current constitutional provision, the property owner cannot be limited to just receiving the market value of the property taken and severance damages to the remainder, rather, such an owner must be put in as good a pecuniary position as he would have been had his property not been taken. State, DOTD v. Dietrich, 555 So.2d 1355 (La. 1990); State, Dept. of Highways v. Bitterwolf, 415 So.2d 196 (La.1982); State, Through Dept. of Highways v. Constant, 369 So.2d 699 (La.1979); State, DOTD v. Chambers Investment Co., Inc., 576 So.2d 1174 (La.App. 3 Cir.1991); State, Dept. of Transp. v. Maynard, 565 So.2d 532 (La. App. 4 Cir.1990), writ den., 568 So.2d 1079 (La.1990); State, DOTD v. Crawford Business Trusts, 538 So.2d 1078 (La.App. 3 Cir.1989), writ den., 542 So.2d 1381 (La. 1989); State, Through Dept. of Highway v. Champagne, 356 So.2d 1136 (La.App. 3 Cir.1978). Compensation for damages that were not previously compensable are now permitted. Based on the broadening of the constitutional requirements for the measure of damages, the property owner must now be fully compensated for any economic loss sustained as a result of the taking upon adequate proof of such loss. Champagne, supra; Maynard, supra. If a *562 property owner establishes damages resulting from loss of use or delay, he may be compensated for the loss. Thus, we conclude that the damages suffered by defendant from the loss of use of its property which were caused by being taken out of commerce for an unreasonable length of time, due to plaintiff's delay in completion of the highway, are recoverable. For this reason, we find this assignment of error to be without merit.
The second assignment of error argued by plaintiff is that the trial court erred in awarding delay damages in the absence of sufficient evidence. Plaintiff claims that there was no factual basis for an award of delay damages by the trial court and that the amount awarded for delay damages is based on speculation and assumption.
Generally, damages for expropriation are to be awarded according to the highest and best use of the property. State, DOTD v. Chambers Investment Co., Inc., supra; State, through DOT v. Estate of Davis, 560 So.2d 566 (La.App. 5 Cir. 1990), writ den., 565 So.2d 424 (La.1990). All experts for both the State and defendant testified that the highest and best use of the property was for commercial development. As the Louisiana Supreme Court stated in State, DOTD v. Dietrich, supra:
"Proof of economic loss may be determined by various methods, and it may exceed the market value of the property. However, the method employed for proof of loss must demonstrate by a preponderance of the evidence that actual loss was sustained by the business because of the taking. In addition, the award may reflect the economic effect of protracted judicial proceedings. Constant.

Where an expert's well-reasoned testimony supports an award of damages, where it is uncontradicted and, particularly, where it is accepted by the trier of fact, the property owners should prevail. City of Shreveport v. Standard Printing Co., 441 So.2d 737 (La.1983)." State, DOTD v. Dietrich, 555 So.2d 1355, at page 1359 (La.1990).
Plaintiff's taking of approximately 30 acres of defendant's property occurred in 1987 for the construction of I-49 and the relocation of Highway 1208-1. Mr. James A. Young (hereinafter Young), an expert for the defendant, testified that according to the most recent information that he had it would take a projected time of at least seven years for completion of the project. Young testified that due to the several years delay between the taking of the property and the completion of the project, that the defendant would suffer additional damages amounting to $653,639.00. To arrive at this figure Young took his estimated value of the remaining property, after the taking, and used a simple interest annual rate of return of 10% on that value, multiplied by the estimated seven years the property would not be able to be developed because of inaccessibility on account of the highway construction, to arrive at the present value of the delay damages as being $653,639.00. One of the plaintiff's experts, Mr. Van Willet, testified that he had started to figure delay damages by discounting the value of the remaining property, after the taking, by fifty (50%) percent until instructed by the plaintiff that such damages were not to be computed as they were legally not recoverable. Mr. Van Willet did testify that he would have been able to compute delay damages by this method if permitted to do so. The plaintiff's other appraiser, Mr. John Girlinghouse, testified he could also compute delay damages by using a discount method except that plaintiff instructed him not to attempt to compute such delay damages.
The trial judge also recognized in his reasons for judgment that defendant could not utilize the property until the project was completed and stated that he felt that some consideration should be given for delay damages because such a delay was real and actual. For this reason, the trial judge awarded defendant $150,000.00 for delay damages. The trial court found that access to defendant's property would be severely restricted by the impending and continuing construction of the interstate highway and access highway, and the limited access to defendant's property caused thereby, and felt this award was adequate *563 to compensate defendant for damages caused by such delay.
Thus, we find that there was sufficient evidence from which the trial court could award delay damages to defendant and find the amount awarded to be reasonable. The court is not bound to accept the figures testified to by an expert where there is no exclusive formula for determining damages but the award must be related to the totality of the adduced testimony and evidence. State, through Dept. of Highways v. Luling Indus. Park, Inc., 443 So.2d 672 (La.App. 5 Cir.1983), writ den., 444 So.2d 1247 (La.1984). We find that the trial court was not manifestly in error or clearly wrong in its award for damages based on the totality of the evidence. For these reasons we find this assignment of error to be without merit.
The first assignment raised by defendant is that the trial court erred in failing to award damages for the period of time between 1978, when the defendant first learned that the State planned to take a portion of its property for I-49, and 1987, when the plaintiff actually took the property by expropriation. Defendant refers to these damages as damages for "condemnation blight."
This court addressed the issue of condemnation blight damages in State, Dept. of Transp. v. Van Willet, 386 So.2d 1023 (La.App. 3 Cir.1980), writ den., 392 So.2d 692 (La.1980). In Van Willet we rejected defendant's claim as being too speculative. We find the defendant's claim in the present case to also be speculative even though defendant's expert attempted to determine defendant's damages during this period by comparing the subject property to two other commercial/industrial developments in Alexandria at the same time. Just because other comparable property, not under threat of expropriation, was developed and this property, which was under threat of expropriation, was not developed does not necessarily mean that the threatened expropriation kept this property from being developed. We agree with the trial court that defendant has not proven such damages by a preponderance of the evidence.
Thus, we find this assignment of error to be without merit.
The defendant's second assignment of error is that the trial court erred in determining the amount of damages to be awarded to defendant. Defendant argues that the trial court erred in awarding only $150,000.00 in delay damages when defendant's expert computed the amount to be $653,639.00.
While the trial court may not substitute its own opinion for that of the experts who testified at trial, when such testimony is based on sound reasoning, the court is not required to accept the precise amount of damages computed by any expert. Maynard, supra; Van Willet, supra. Expert testimony is an aid to the court and is not binding. State, through Dept. of Highways v. A. Wilbert's Sons Lumber & Shingle Co., 346 So.2d 842 (La. App. 1 Cir.1977), writ den., 349 So.2d 1271 (La.1977). Further, it is well settled that much discretion is granted to the trial court in the evaluation of and the weight to be given to the testimony of each expert witness, and the factual findings of the court should not be disturbed unless clearly erroneous.
The record reflects that the trial court carefully considered the damages sustained by defendant as a result of the length of time it would be unable to fully utilize the property and the testimony of the experts, which included Young's testimony as the only expert to testify as to delay damages. We conclude that the damages awarded by the trial court adequately compensate the defendant for the full extent of its loss. We do not find that the trial judge was clearly wrong or manifestly in error in awarding $150,000.00 to defendant for delay damages. Thus, we affirm this award of damages by the trial judge and find this assignment of error to be without merit.
The defendant's third assignment of error is that the trial judge erred in failing to *564 award sufficient attorney's fees to defendant.
Defendant argues that under La.R.S. 48:453(E), reasonable attorney's fees may be awarded in expropriation cases where the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment provided that such award shall not exceed 25% of the difference between the award and the amount deposited. The trial judge awarded defendant $20,000.00 in attorney's fees. Defendant urges that 25% of the difference between the deposit made and the amount awarded by the court would have resulted in attorney's fees of $55,561.25, and that this amount would have been a more appropriate award based on the complicated issues and extensive litigation involved.
The language of the statute indicates that the legislature intended such an award for attorney's fees to be permissible. However, in making an award for attorney's fees, the trial court is vested with much discretion and the award will not be disturbed in the absence of a clear abuse of that discretion. Maynard, supra; State, Dept. of Trans. & Development v. Frabbiele, 391 So.2d 1364 (La.App. 4 Cir.1980). We do not find that the trial court abused its discretion or erred in awarding $20,000.00 to defendant for attorney's fees for services rendered in the trial court.
Defendant contends in its answer to plaintiff's appeal that it is entitled to an increase in attorney's fees awarded by the trial court for defending plaintiff's appeal. An increase in attorney's fees is usually awarded where a party who was awarded attorney's fees by the trial court is forced to and successfully defends an appeal. Century 21 Gateway Realty v. Pard, Inc., 490 So.2d 753 (La.App. 3 Cir. 1986); Mamou Farm Services v. Hudson Ins. Co., 488 So.2d 259 (La.App. 3 Cir.1986). Thus, because defendant did successfully defend plaintiff's appeal, we award defendant an additional $3,000.00 in attorney's fees for services rendered to defendant on appeal.
For the foregoing reasons, the judgment of the trial court is amended to increase defendant's attorney's fees by the sum of $3,000.00, with legal interest from date of judgment, until paid, for services rendered to defendant on appeal and, as amended, the judgment of the trial court is affirmed. All costs of this appeal are taxed in accordance with law to plaintiff-appellant.
AMENDED AND AFFIRMED.