VICTORY, Judge.
State of Louisiana Department of Transportation and Development (DOTD) appeals a trial court ruling sustaining a pleading by court appointed counsel that the named defendants were improper defendants and setting aside all pleadings, orders, and judgments in the lawsuit. We reverse and remand.
FACTS
On August 9,1989, DOTD filed a petition to expropriate in full ownership a tract of land in Winn Parish containing approximately 0.563 of an acre for the purpose of State Project No. 91-06-17, Junction La 505-Dodson Highway, on State Route La 126. Named as defendants were Sarah Lee McDade Parker, the Estate of Arthur McDade, and the Estate of Bernard McDade. The petition alleged that since Arthur and Bernard McDade were deceased and their successions had not been opened, it was necessary that an attorney be appointed to represent their estates, pursuant to LSA-C.C.P. Art. 5091(2)(a). The court appointed Kermit M. Simmons to represent the Estates of Arthur McDade and Bernard McDade.
In February 1991, the court appointed attorney filed a pleading claiming that the named defendants were improper under the holding in State through DOTD v. The *1374 Estate of Davis, 572 So.2d 39 (La.1990), and seeking to dismiss the entire suit as “improvidently filed.”
The trial court agreed that the Estates of Arthur McDade and Bernard McDade were improper defendants. Relying on DOTD v. Estate of Davis, supra, the judge stated that DOTD was obligated to open the successions and appoint succession representatives who could be named as defendants in the expropriation suit. The trial judge entered judgment setting aside all pleadings, orders, and judgments previously issued in the expropriation suit.
On appeal DOTD argues that the judge erred in setting aside all prior pleadings, order's, and judgments, especially the initial taking. Appellant primarily relies on a 1991 amendment to C.C.P. Art. 5091, which it claims prohibits dismissal of this in rem proceeding.
Act 366 of the 1991 Louisiana Legislative Session amends C.C.P. Art. 5091 by adding the following sentence to section B and enacting a new section D as follows:
B. ... For the limited purpose of any such action or proceeding, the appointed attorney at law shall be the proper representative of the succession of any such decedent to the same extent as if he were the regularly appointed and duly qualified administrator or executor in such decedent’s succession.
D. The improper designation of a defendant for whom an attorney has been appointed by the court in an action or proceeding in rem under Paragraph (A)(2) of this Article shall not affect the validity of the proceedings and any judgment rendered therein shall be binding upon the parties and property involved in the action or proceeding in rem. Therefore, naming an attorney to represent (1) the unopened succession of the defendant; (2) the succession of the defendant; (3) the estate of the defendant; (4) the deceased defendant; or any other similar designation or appellation shall satisfy the requirements of Paragraph (A)(2)(a)....
The stated purpose of the act is to “amend and reenact Code of Civil Procedure Art. 5091, relative to court appointed attorneys and to provide that the attorney is the proper defendant in certain proceedings _” The act provides that its provisions are “remedial and procedural and ought to be applied retroactively and retrospectively to cure and affect all pending and past legal proceedings and actions in which no final unappealable judgment has been rendered.” Section 3 of the act further provides that “Code of Civil Procedure Article 734 and R.S. 48:441 through 460, inclusive, are hereby superseded to the extent that those provisions are in conflict with the provision of this Act....” Under Section 4 of Act 366, the amendments became effective upon signing of the Act, which occurred on July 6, 1991.
Act 366 retroactively cured the problems raised by court appointed counsel in his motion filed in February, 1991 and sustained by the trial court in his judgment signed May 2, 1991. Further, the trial court’s ruling was erroneous with respect to Sarah Lee McDade Parker, since she was not alleged to be deceased.
DECREE
For these reasons, the trial court’s judgment signed on May 2,1991 is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.