639 So.2d 766 (1994)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
McMILLION DOZER SERVICE, INC.
No. 93-CA-590.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 1994.
Rehearing Denied August 16, 1994.
*767 Bernard L. Malone, Office of the General Counsel, Baton Rouge (Ronald J. Bertrand, of counsel), Rayne, for plaintiff-appellant.
David Stone, Randall A. Smith, Scott T. Whittaker, Stone, Pigman, Walther, Witmann & Hutchinson, New Orleans, for defendant-appellee.
Before GAUDIN and GRISBAUM, JJ., and JOHN C. BOUTALL, J. Pro Tem.
GRISBAUM, Judge.
In this expropriation matter, the Louisiana Department of Transportation and Development (DOTD) appeals from a jury award finding the DOTD liable for $300,000 in delay damages and the legal interest award from the date of the expropriation petition, rather than from the date of legal demand. We amend in part and, as amended, we affirm.
ISSUES
We are called upon to determine three specific questions:
(1) Whether the jury interrogatory concerning delay damages was sufficient to inform and allow the jury to make a factual finding as to whether delay damages were due;
(2) Whether the evidence supports the jury's finding that delay damages were due; and
(3) Whether the 1993 amended version of La.R.S. 48:455 should be applied retroactively thereby allowing defendant to collect legal interest from the date of the filing of DOTD's petition as opposed to the date of legal demand.

BASIC RECORD FACTS AND PROCEDURAL HISTORY
On March 28, 1989, the DOTD filed suit to expropriate defendant's land in connection with the I-310 interchange project at Airline Highway in St. Charles Parish. On March 30, 1989, the DOTD deposited $487,952 into the court registry.
Defendant, McMillion Dozer Service, Inc. (McMillion) filed an answer on August 16, 1990 seeking additional compensation to the amount deposited. In addition to requesting additional compensation for the land taken and severance damages, McMillion sought delay damages and business damages.
A jury trial was held January 12-14, 1993 whereby the jury found that the DOTD owed $376,000 for the land taken, $375,000 for severance damages and $300,000 for delay damages. The jury did not award any amount for the alleged business damages. The trial court's judgment incorporated the jury's award and further awarded legal interest on the difference between the amount *768 previously deposited and the amount owed. The interest was to be computed from March 28, 1989, which was the date of the filing of DOTD's expropriation petition. Thus, this appeal ensued.

ISSUE ONE

STANDARD OF REVIEW
Our jurisprudence tells us that interrogatories that are misleading or confusing may constitute reversible error. However, the manifest error standard must be applied in determining whether an interrogatory is so inadequate that the jury is precluded from reaching a verdict based on correct law and facts. Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La.App. 3d Cir.1991).

ANALYSIS
The following interrogatory form was submitted to the jury:
SPECIAL JURY INTERROGATORIES
1. What amount of money do you find is just compensation for the land taken by the DOTD from McMillion Dozer Service, Inc.?
$376,000.00
2. What amount of money do you find is just compensation for the severance damages caused by the DOTD's taking to the remainder of land owned by McMillion Dozer Service, Inc.?
$375,000.00
3. What amount of money do you find is just compensation for the delay damages suffered by McMillion Dozer Service, Inc. as a result of its property being taken out of commerce, because of the DOTD's actions, for an unreasonable or excessive length of time?
$300,000.00
4. What amount of money do you find is just compensation for the business damages to McMillion Dozer Service, Inc. as a result of the DOTD's taking?
$0.00
The DOTD only appeals the language of the third interrogatory claiming that the wording does not allow the jury to make a factual finding of whether delay damages are due but rather dictates to the jury to fill in the amount owed for such damages.
Prior to jury deliberations, the DOTD objected to the interrogatory form on the ground that question Nos. 3 and 4 should not be separate and distinct questions because question No. 2, addressing severance damages, was sufficient to cover delay and business damages. When a party fails to object to the jury interrogatory form before the jury retires, the party waives his right to raise the objection on appeal. Horton v. McCrary, 620 So.2d 918 (La.App. 3d Cir. 1993). While we question whether appellant's objection was sufficient to preserve its right to appeal the issue of the wording of the interrogatories, we will nonetheless address it.
The record shows the trial judge instructed the jury several times regarding delay damages. The trial judge stated, "Further, the State must also pay McMillion for any damages it incurred prior to the expropriation in 1989 if you find that its property was taken out of commerce for an unreasonable length of time prior to the expropriation."
The trial judge also advised the jury of the defendant's burden of proof concerning delay damages, as follows:
To recover delay damages, McMillion must prove that it is more like than not that its property was effectively taken out of commerce for an unreasonable length of time due to the State's actions.
If McMillion's property was taken out of commerce for an unreasonable or excessive length of time because of the State's actions, then McMillion is entitled to recover all damages it sustained resulting from such actions by the State.
We cannot say that in the totality of the jury instructions and the jury interrogatory form the jury misunderstood the issues before them. It is clear from the jury's findings they understood that they must first make a factual finding as to whether such damages were due. In addition, all four interrogatories are worded the same. The first two categories, the value of the land and severance damages, are owed as a matter of *769 law. The latter two categories, delay and business damages, are due only if the facts indicate that such damages were suffered. State DOTD v. Brookhollow of Alexandria, 578 So.2d 558 (La.App. 3d Cir.1991), writ denied, 581 So.2d 709, 710 (La.1991). We find the jury necessarily made factual determinations when it decided delay damages were due while business damages were not. Ergo, we see no error.

ISSUE TWO

STANDARD OF REVIEW
Now, we will be reviewing the factual findings of the jury which should not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

ANALYSIS
The DOTD appeals the jury's award for delay damages on the ground that the evidence does not support such a finding.
La. Const. art. I, § 4 provides, in pertinent part, "In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss." The phrase "to the full extent of his loss" allows compensation in areas that were not previously not compensable, namely economic loss. State, Dept. of Transp. v. Maynard, 565 So.2d 532 (La.App. 4th Cir.1990), writ denied, 568 So.2d 1079-80 (La.1990), overruled in part by State through DOTD v. Estate of Davis, 572 So.2d 39 (La.1990). We previously held that damages caused by property being taken out of commerce for an unreasonable length of time pending expropriation are recoverable in an expropriation action. West Jefferson Levee Dist. v. Coast Quality Constr. Corp., 620 So.2d 319 (La. App. 5th Cir.1993).
Also, in West Jefferson Levee Dist., supra, at 333, we set forth five factors to be considered in maintaining an award for delay damages:
First, was there a delay in the project? Second, was there a reasonable expectation that the project would receive a permit? Third, what was the period of delay? Fourth, who is legally responsible for the delay? And finally, what is a fair and reasonable calculation of the loss suffered as a result of the delay?
The property owner has the burden of proving that he suffered damages due to the delay in expropriating. He must show his loss through a preponderance of the evidence. State DOTD v. Brookhollow of Alexandria, supra.
We find sufficient evidence presented by defendant-appellee to support an award for delay damages. Mr. McMillion, president and 90% shareholder of McMillion, testified that he bought the property for the purpose of expanding his business on part of the property and selling the remainder as industrial lots. He learned in 1984 he would not be able to directly access Airline Highway from his property due to the future 1-310 project. Mr. McMillion stated that he had problems selling the land between 1984 and 1989, the year the property was formally expropriated. He also testified he delayed developing the land between 1984 and 1989 because he was uncertain as to what was going to happen, and he did not want to build only to have it taken away through expropriation. For a period of three to four years, Mr. McMillion filled the land because, at the time he purchased the property, it was classified as wetlands.
Appellee's expert witnesses testified that after the "control of access," the property would not sell. Appellee's experts, Mr. Guice and Ms. Felts, valued the delay damages, caused by what they opined as the property being taken out of commerce, by valuing the property as it would have sold in 1984, multiplying it by the interest rate and then multiplying that number by the 5.15 years that the land was "taken out of commerce." The total delay damages were estimated between $1,240,000 and $1,253,000. However, the jury only awarded $300,000. In addition, both experts testified that appellee's land was taken out of commerce for an unreasonable and excessive length of time.
The above evidence indicates that appellee's plans to develop the land were delayed during the time he was notified that he could not have access until the formal expropriation. He was in a state of limbo, not knowing what was going to happen. Furthermore, when appellee purchased the land in *770 1978, there was no indication he would be unable to directly access Airline Highway. Therefore, there was a reasonable expectation he would eventually be able to build his business, sell off the remaining lots, and directly access Airline Highway which was necessary for his business. The evidence indicates there was a five-year delay period, and the DOTD was responsible for the delay because they denied direct access in 1984 and did not formally expropriate the land until 1989.
From this factual scenario, we conclude appellee proved his case by a preponderance of the evidence. We note that throughout the trial, the DOTD objected to evidence relating to delay damages on the basis that such damages were not compensable in an expropriation proceeding. Consequently, the DOTD did not offer any evidence to rebut testimony regarding delay damages. However, the law, as stated above, indicates that such damages are in fact compensable in an expropriation proceeding. Because there was no contradictory evidence as to delay damages, we cannot say that the jury was manifestly erroneous in relying on the evidence presented and awarding delay damages. The jury obviously found the defense witnesses credible, and we cannot disturb such a determination unless there is objective evidence that contradicts the witnesses' stories or their testimony is so internally inconsistent or implausible that a reasonable fact finder would not credit the witnesses' stories. Rosell v. Esco, 549 So.2d 840 (La. 1989).
We also note that appellant is correct in stating that mere inconveniences do not warrant delay damages. Constance and Cleary Bicycle v. State, through DOTD, 626 So.2d 1151 (La.1993); State through DOTD v. Chambers Investment Co., 595 So.2d 598 (La.1992). However, we do not find that the jury was manifestly erroneous in finding that appellee suffered actual damages as opposed to mere inconvenience.

ISSUE THREE
Since 1988, La.R.S. 48:455 has been amended twice. Pre-1988, the statute read
The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.
This allowed the landowner to collect legal interest at the time of the taking.
However, in 1988, it was amended by Act 882 to read as follows: "If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment." This amended version only allowed the landowner to collect legal interest from the time of legal demand, which was interpreted to mean the date of the answer, as opposed to the time of the taking, which was when compensation was deposited into the registry of the court. It is this version of La.R.S. 48:455 that was in effect at the time this suit was filed.
In 1992, the statute was again amended by Act 483 and put into effect January 1993. The statute currently reads
If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of presentation of the petition as provided in R.S. 48:422 until paid, but such interest shall not accrue on any award for expert fees or attorney fees prior to judgment.
In State through DOTD v. Estate of Davis, supra, the Louisiana Supreme Court held that the 1988 amendment of La.R.S. 48:455 affected the substantive rights of a landowner in an expropriation proceeding and, therefore, was not to be applied retroactively, meaning the version of the statute in effect at the time the lawsuit was filed should apply. The Louisiana Supreme Court further held that "[l]egal interest is a matter of substantive law and a change in the law that alters an award of legal interest should not be given retroactive effect unless the legislature so provides." Davis, supra, at 44 (citations omitted).
In adopting the findings of the jury, the trial court awarded legal interest from March *771 28, 1989 on the difference between the award and the amount initially deposited. The DOTD appeals on the grounds that the 1988 amended version of La.R.S. 48:455, which was the version that was in effect at the time the petition was filed and which orders legal interest to be computed from the time of legal demand, should apply rather than the current 1993 version, which allows legal interest to be computed from the filing of the petition. See State, DOTD v. Tatman, 587 So.2d 797 (La.App. 3d Cir.1991).
In light of the Louisiana Supreme Court's decision in Estate of Davis, supra, which held that legal interest is a substantive matter, we hold that the 1992 amendment affecting legal interest is a substantive change and, therefore, the 1993 version of La.R.S. 48:455 cannot be retroactive. Accordingly, the trial court erred, and the legal interest should run from the date of legal demand, which was August 16, 1990.
For the reasons assigned, the trial court's judgment dated January 28, 1993 is hereby affirmed, except that part of the trial court's judgment, which states "legal interest on the foregoing amounts [is to be calculated] from March 28, 1989 until paid," is to be amended to read "legal interest on the foregoing amounts is to be calculated from August 16, 1990 until paid." The parties to this appeal are to bear their respective costs.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.