562 So.2d 1022 (1990)
Willie D. HOLLAND, Plaintiff-Appellee,
v.
UNOPENED SUCCESSION OF David Rollan HOLLAND, Defendant-Appellee,
Marguerite O'Bannon, Plaintiff-Appellant.
No. 88-1384.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1990.
Writ Denied September 14, 1990.
Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff/appellee.
Harold J. Rhodes, Morgan City, for defendant/appellant.
Brittain & Williams, Andrew D. McGlathery III, Watson, Murchison, Crews, Arthur & Corkern, Steven D. Crews, Natchitoches, Cook, Yancey, King & Galloway, Eskridge E. Smith, Jr., Shreveport, Vincent Colfield, Natchitoches, for defendants/appellees.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
*1023 STOKER, Judge.
This appeal requires that we consider a threshold question: Can an action be brought against a succession which has not been procedurally opened and for which no succession representative has been appointed? We hold that such a suit cannot be maintained. We reverse and set aside the judgment of the trial court appealed from in this matter.
On behalf of her minor child, Marguerite O'Bannon appeals from a judgment of the trial court dismissing her suit to annul a declaratory judgment rendered by default declaring Willie D. Holland to be the common-law spouse of the deceased, David Rollan Holland (David). David died intestate in an automobile accident. Willie D. Holland filed a wrongful death action against certain parties who are alleged to be responsible for damages. Marguerite O'Bannon also instituted a wrongful death action against the same defendants on behalf of her minor daughter, Lori Ann O'Bannon. Lori is the purported illegitimate child of David. Willie D. Holland styled herself in her suit as the surviving spouse of David.[1]
Before filing her wrongful death action, Willie D. Holland filed a petition for declaratory action in the same district court in which she later filed her wrongful death action. In this declaratory action Willie D. Holland sued "the unopened succession of DAVID ROLLAN HOLLAND." Pertinent portions of the petition and prayer are as follows:
"PETITION FOR DECLARATORY JUDGMENT
"The petition of WILLIE D. HOLLAND, a resident of and domiciled in Provencal, Natchitoches Parish, Louisiana, respectfully states that:
"1.
"Made defendant herein is the unopened succession of DAVID ROLLAN HOLLAND.
"2.
"The Court should appoint an attorney at law practicing within the jurisdiction of this Court as Curator ad hoc for said Defendant, against whom this action can be conducted contradictorily.
"3.
"Petitioner and David Rollan Holland were common law wife and husband for many years prior to his death on June 4, 1987.
"4.
"Petitioner and David Rollan Holland began living together in October 1973 and moved to Bay Town, Texas, in May 1974, without conducting a formal marriage."
* * * * * *
"11.
"Petitioner is entitled to a declaratory judgment recognizing and confirming her common law marriage status with David Rollan Holland.
"WHEREFORE, Petitioner prays for a Court order appointing a Curator Ad Hoc for the unopened succession of David Rollan Holland, and after due proceedings had, for judgment in her favor confirming her common law marriage status with the decedent David Rolland Holland, and recognizing her as the surviving spouse in community, with all the rights, privileges and obligations of such status."
In response to the petition for declaratory action the trial court did appoint an attorney as curator ad hoc "to represent the decedent in this cause." The curator *1024 apparently performed some functions but failed to file an answer to the petition. In due course the attorney for Willie D. Holland entered a preliminary default which was later confirmed. The trial court rendered and signed a judgment on September 17, 1987 in favor of Willie D. Holland in conformity with the prayer of her petition.
In October of 1987 Marguerite O'Bannon filed a petition in the district court on behalf of Lori Ann to set aside the declaratory judgment. The trial court conducted a full-scale trial on the petition to annul and denied the relief sought. Marguerite O'Bannon appealed to this court seeking a reversal of the trial court's judgment and asks this court to annul the judgment declaring Willie D. Holland to be the surviving spouse of David and that she was his common-law wife.

OPINION
In the trial court and before this court Marguerite O'Bannon urged numerous grounds for annulment of the trial court's judgment of September 17, 1987. The appellant gives as authority for setting aside the judgment Articles 2001 through 2006 of the Code of Civil Procedure. Both briefs filed in this court raise many interesting questions relating to law and the facts developed at the annulment trial. However, neither counsel dealt with the question of whether a suit may be brought against the succession of a deceased person which has not been procedurally opened and for which a succession representative has not been appointed. Inasmuch as we hold that such a suit cannot be maintained, we reverse the trial court's judgment in this case dated September 17, 1987 and dismiss Willie D. Holland's action for declaratory relief. This makes it unnecessary that we consider the questions raised by the parties in their briefs.
We do not decide the merits of the claim of Willie D. Holland to have acquired the status of common-law wife of David.
Under LSA-C.C. art. 934 there is no such thing as an "unopened succession" because it becomes open upon the death of the deceased. See also LSA-C.C. arts. 871 and 940-949. C.C.P. arts. 2811 and 2812 seem to imply that a succession is not opened until proceedings are initiated for that purpose. For example, Article 2811 states in part: "A proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death." However, under the jurisprudence "upon the death of an individual his succession evolves and exists as a separate and distinct legal entity and will continue in existence until terminated by an administrator, or, an unqualified acceptance by the heirs." Jones v. Dibert Bancroft & Ross Co., Ltd. 308 So.2d 369 (La.App. 1st Cir.), writ denied, 311 So.2d 259 (La.1975) and C.E. Lazarus, "Successions and Donations," 36 La.L.Rev. 362 (1976).
The Jones case suggests, nevertheless, that it is not always necessary that a succession act through a succession representative appointed by a court. This is perhaps true as to acts by the succession or heirs. However, it is another thing when a party seeks to sue a succession. In any event, we need not dwell on the meaning of the terms "opening of a succession" or "unopened succession." The styling of the defendant in this case as the "unopened succession of David Rollan Holland" is not the defect we find in the proceedings here. We could possibly regard the denomination as what it was actually meant to be, namely, the succession of the deceased. The defect in the proceeding in this case is the fact that the succession was improperly sued. It has never been properly brought before the court.
A suit against a succession can only be brought against a succession representative. LSA-C.C.P. art. 734. A "succession representative" includes an administrator, provisional administrator, administrator of a vacant succession, executor, and dative testamentary executor. LSA-C.C.P. art. 2826(2). Although a curator ad hoc was appointed in this case to represent the defendant, which was the "unopened succession," he could not function as the succession representative. He was not the succession representative.
*1025 A succession representative is a fiduciary with respect to the succession. LSA-C. C.P. art. 3191. He shall exercise all procedural rights available to a litigant. LSA-C. C.P. art. 3196. Further, LSA-C.C.P. art. 3249 provides that "[T]he succession representative shall defend all actions brought against him to enforce claims against the succession, and in doing so may exercise all procedural rights available to a litigant."
In order that a suit be brought against a succession it should be opened through legal proceedings in the appropriate court, LSA-C.C.P. art. 2811, and a succession representative meeting proper qualifications must be appointed by the court. LSA-C.C.P. arts. 3081-3159. Formal application for appointment as a succession representative must be made in accordance with prescribed law, and after appointment is made the representative must comply with certain requirements which include taking an oath, C.C.P. art. 3158, and perhaps furnishing security. C.C.P. arts. 3151-3157. Once these requirements are met the succession representative will be issued letters of administration or letters testamentary, as the case may be.
What we have stated above applies to a suit for declaratory judgment as well as any other kind of suit. LSA-C.C.P. art. 1874.
After considering these articles of the Code of Civil Procedure, it is obvious that a curator ad hoc appointed to represent a "defendant unopened succession" is not a succession representative. Under the circumstances of this case we find that the trial court's judgment of September 17, 1987 declaring Willie D. Holland to be the surviving spouse of David R. Holland must be annulled and set aside. LSA-C.C.P. art. 2164. The judgment is subject to vices of form. LSA-C.C.P. arts. 2001 and 2002.
In addition to our holding under the codal articles stated above, we hold that a succession representative in the succession of David R. Holland was an indispensable party. Without a representative being joined, there could be no adjudication in this case. LSA-C.C.P. art. 641. We may notice this defect on our own motion. LSA-C.C.P. art. 927. Because of the nonjoinder of a succession representative, we must dismiss plaintiff's action.
Although we nullify and set aside the judgment in question, we do so without prejudice to the right of Willie D. Holland to seek relief in an appropriate proceeding. We specifically do not pass on her claim to be the surviving spouse of David R. Holland.
For the reasons stated above, we reverse the judgment of the trial court dated September 9, 1988 rejecting the demand for annulment of the trial court's judgment of September 17, 1987 and we annul and set aside the judgment of the trial court in this matter dated September 17, 1987 and dismiss plaintiff's action. The costs of this appeal and the costs incurred in the trial court are assessed to appellee, Willie D. Holland.
JUDGMENT OF SEPTEMBER 9, 1988 REVERSED;
JUDGMENT OF SEPTEMBER 17, 1987 ANNULLED,
SET ASIDE AND DISMISSED.
NOTES
[1] The first paragraph of Willie D. Holland's wrongful death action reads as follows:

"Petitioner is the surviving spouse in community with her deceased husband, DAVID ROLLAN HOLLAND. The parties never engaged in a formal marriage ceremony, but contracted an informal common law marriage in the State of Texas, which was recognized by this Honorable Court and declared legal and valid in a judgment rendered by this Court on September 17, 1987. All delays for new trial and/or appeal have lapsed, and said judgment is now final."