liNORRIS, Judge.
Mrs. Joye Makowsky, the administratrix of the Succession of Gwendolyn Gail Graham, appeals a judgment in favor of Minden Bank & Trust Co. (“Minden Bank”) on a note and chattel mortgage and against the defendants, the “Unopened Succession of Gwendolyn Gail Graham” and Graham’s father and co-signer, B.T. Childs.[1] For the following reasons, we vacate and set aside without prejudice the judgment of the trial court, and remand the case.

Facts

On March 10, 1989, Mrs. Graham and her father signed a note and chattel mortgage to secure a $14,058.24 loan from Minden Bank for her purchase of a 1989 Plymouth Sun-dance. Mrs. Graham paid on the note until her death in July 1992; her debts totalled *217 about $20,000 and her only assets were the car and about six acres of land in Ward One of Webster Parish. Minden Bank received payments on the note, apparently from Mr. Childs, until December 1993, when it instituted this suit in the ward court of Webster Parish against Childs and the Unopened Succession of Gwendolyn Gail Graham seeking recognition of its chattel mortgage and to recover the $7,493.14 balance on the note.
The petition also alleged that because “her succession is not under administration nor has it ever been accepted in any judicial proceeding,” it was entitled to have an attorney at law appointed to represent the unopened succession of the deceased against whom the proceedings could be conducted contradictorily. An attorney was appointed as curator for the unopened succession. In January 1994, the curator answered with a general denial of aUjjallegations stated in the petition. He was unable to locate and notify Mrs. Graham’s heirs. In June 1994 the heirs, represented by retained counsel, filed exceptions of failure to name a proper party defendant, prematurity, and lack of subject matter jurisdiction. At the hearing on the exceptions, the trial court immediately overruled the exception of lack of subject matter jurisdiction, declaring the issue before the court an “ancillary matter,” rather than a succession proceeding.[2]
Regarding the other exceptions, counsel for the heirs argued that Minden Bank’s proper recourse on this debt was to institute succession proceedings and sue the succession representative. In opposition, counsel for Minden Bank argued that La.C.C.P. arts. 2672 and 2674 authorized this suit against the unopened succession.[3] The heirs’ counsel argued that neither article applied in the instant situation where the action was not against Mrs. Graham’s heirs or legatees and was not an executory proceeding. The trial court took the matter under advisement, but subsequently overruled all the exceptions without comment.
At trial, Don Sayers, Minden Bank’s credit manager, was the sole witness. He verified the essential facts regarding the note and chattel mortgage. |3He also admitted the heirs had tendered the car to the bank the day before the hearing on the exceptions, but he refused to accept it as full settlement of the debt.
The trial court granted judgment in favor of Minden Bank on the note and against Childs and the unopened succession. The judgment also recognized the bank’s security interest in the car. The heirs of the unopened succession appealed. While the appeal was pending, succession proceedings were opened in district court, and the admin-istratrix for the succession, Mrs. Joye Ma-kowsky, was formally substituted on appeal for the unopened succession. She does not dispute the amount owed or the bank’s right to seize and sell the car to satisfy the debt, but contends that Minden Bank cannot avoid succession proceedings, the proper procedural method to establish its rank as a secured creditor, by naming the unopened succession as a defendant in a suit on the note and chattel mortgage brought in city court. Min-den Bank contends it properly named as defendant the “Unopened Succession of Gwendolyn Gail Graham,” and properly ap *218 pointed an attorney at law to represent Mrs. Graham’s unopened succession.[4]

Discussion

The law, very simply, does not allow one to bring an action against an unopened succession for which no representative has been appointed. State, Through Dept. of Transp. & Dev. v. Estate of Davis, 572 So.2d 39 (La.1990); Holland v. Unopened Succession of Holland, 562 So.2d 1022 (La.App. 3d Cir.), writ denied, 566 So.2d 399 (1990). The proper party defendant in a suit against a succession is a succession representative. La.C.C.P. art. 734. A “succession representative” includes an administrator, provisional administrator,_|4administrator of a vacant succession, executor, and dative testamentary executor. La.C.C.P. art. 2826(2). In the instant case, the attorney appointed as curator for Mrs. Graham’s unopened succession was clearly not a succession representative, and thus was not a proper party defendant. State, Through the Dept. of Transp. & Dev. v. Estate of Davis, supra; Holland, supra.
In Holland, the court annulled and set aside a judgment rendered against the deceased’s unopened succession for which a succession representative had never been appointed, but which was represented by a curator ad hoc. The court held the defect in the proceeding was that the succession was improperly sued and thus never properly brought before the court. It noted that “in order that a suit be brought against a succession it should be opened through legal proceedings in the appropriate court, LSA-C.C.P. art. 2811, and a succession representative meeting proper qualifications must be appointed by the court. LSA-C.C.P. arts. 3081-3159.” Moreover, this applies not only to a suit for declaratory judgment as in Holland, but “any other kind of suit.” Holland, supra at 1025.
In State v. Estate of Davis, supra, an expropriation proceeding against the deceased’s estate (in effect, the deceased’s succession), the court found that the plaintiff filed suit against an improper party; the succession, on behalf of which an attorney at law was appointed, was not properly represented as a party defendant. Citing the Holland case, the court determined, “it was the Department’s duty to determine whether or not the succession of Giles Davis had been opened and whether there was in existence a succession representative and, if not, to initiate proceedings to open the succession and have the proper succession representative appointed and subsequently named as the defendant in the expropriation suit.” State, Through the Dept. of Transp. & Dev. v. Estate of Davis, supra at 43.
In short, Minden Bank’s suit failed to join an indispensable party, the succession representative; thus, no adjudication could be made. La.C.C.P. art. 641; Holland, supra. We notice this on our own motion. La. C.C.P. art. 927. Accordingly, we vacate and set aside the judgment of the trial court in favor of Minden Bank and against the Unopened Succession of Gwendolyn Gail Graham. The case is remanded and Minden Bank is ordered to amend its petition in accord with La.C.C.P. arts. 646 and 934, within 20 days from the finality of this judgment. Costs are assessed to Minden Bank & Trust.
JUDGMENT VACATED AND SET ASIDE; CASE REMANDED.

. Mrs. Graham's succession was not opened until after trial. Her heirs, represented by retained counsel, opposed Minden Bank's suit. Mrs. Ma-kowsky was formally substituted as the defendant on appeal.

. At the hearing on the exceptions, Childs, who was not represented by counsel, agreed to a judgment against him for the amount of the note; judgment was entered accordingly. Childs did not appeal.

. La.C.C.P. art. 2672 provides:
When the original debtor is dead, and his heirs or legatees have accepted his succession, the executory proceeding may be brought against his heirs or legatees.
If an heir or legatee is dead, incompetent, or absent, his heirs, legatees, succession, or legal representative may be made a party defendant to the executory proceeding as provided above and in Articles 2673 and 2674, as the case may be.
La.C.C.P. art. 2674 provides in pertinent part: The court shall appoint an attorney at law to represent the unrepresented defendant in an executory proceeding under the following circumstances:
[[Image here]]
(2) When the debtor is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession^]

. In brief, Minden Bank cites La.C.C.P. art. 3121, which reads in pertinent part:
When no qualified person has petitioned for appointment as administrator of a vacant succession within three months of the death of the deceased, the court may appoint an attorney at law as administrator thereof and set his compensation.