| aGOTHARD, Judge.
Plaintiff, Aida Melara, appeals from a decision of the trial court which awarded damages against defendant, Government Employees Insurance Company (GEICO), but failed to award damages against deceased defendant Dominic Bisesi or his succession. For the following reasons, we affirm the decision of the trial court.
This suit arises out of an automobile accident. On December 31, 1995 plaintiffs automobile was struck by an automobile driven by Dominic Bisesi. Plaintiff filed this suit for damages on May 16, 1996.
In December of 1996, Dominic Bisesi died. In November of 1997, his wife, Doris Bisesi, was served with a copy of the petition for damages. Mrs. Bisesi filed exceptions of no cause of action, improper service, prematurity, and lack of procedural capacity.
|3On December 11, 1997 plaintiff filed a first amended and supplemental petition adding Doris as a defendant, alleging that she was the widow, partner in community property, and heir of Dominic Bisesi. Mrs. Bisesi filed an answer and exceptions of insufficient service of process and citation, prematurity, lack of procedural capacity and improper joinder. On March 18, 1998 plaintiff filed a motion to substitute parties, requesting that Mrs. Bisesi be substituted as defendant in the action.
Mrs. Bisesi’s exceptions were heard on February 2,' 1999, and the trial court granted same, dismissing plaintiffs suit without prejudice and affording plaintiff thirty (30) days to amend her petition. Plaintiff did not amend her petition within the thirty day period. Instead, as stated in the trial court’s judgment in this matter, plaintiff filed a petition to open intestate succession on April 21, 1999 (Case No. 537-849) and the matter was set for May 18, 1999. Plaintiffs counsel did not appear on that day, and no judgment was rendered in that matter.
This matter proceeded to trial on January 26, 2000. At trial, defendants re-urged their exceptions and sought a directed verdict in favor of Mrs. Bisesi against any claims asserted by plaintiff against her.
The trial court rendered judgment on February 8, 2000 in favor of plaintiff in the amount of $10,000.00. In his judgment, the trial judge stated that plaintiff proceeded to trial without having fulfilled the legal requirements of having a succession representative appointed for the defendant Bisesi, and that “Louisiana law is clear that plaintiffs failure to have a succession representative appointed by the court, precludes any judgment from being rendered against the succession/heirs.” Therefore the |4trial court concluded, a judgment could only be rendered against GEICO (liability insurer of Bisesi). The trial judge then found that Bisesi was 100% at fault in the cause of the accident, and he assessed damages at $10,000.00 general damages and medical expenses. This sum represented the limits of Bisesi’s insurance policy.
On February 22, 2000, plaintiff filed a motion for new trial and additur. In response, defendant alleged that Mrs. Bisesi was not a proper party defendant and further that the damage award of $10,000.00 was sufficient to compensate plaintiff for her injuries. The trial court denied the motion, stating that “the Plaintiff seeks to remedy a procedural defect in their case after á final judgment has been rendered.” After concluding that plaintiff had been afforded “ample time to follow the proper procedures to include the deceased defendant’s successor/heirs in this litigation” and that plaintiff “could have also requested a continuance of the trial while the proper procedures were performed,” the trial judge denied plaintiffs motion.
Plaintiff filed a petition for appeal, requesting a devolutive appeal from the April 11, 2000 judgment. We note that the denial of a motion for a new trial is an interlocutory judgment which does not cause irreparable injury and is therefore *554 non-appealable. Nevertheless, where the motion for appeal refers to a specific judgment denying a motion for a new trial, but the appellant exhibits the clear intention to appeal instead from a judgment on the merits, then the appeal should be considered. Hayes v. Hayes, 607 So.2d 3, 5 (La.App. 2 Cir.1992). Accordingly, we will consider the merits of this appeal.
| BIn her first assignment of error, plaintiff alleges that the trial court erred in finding that a plaintiff was obligated to open a succession when a defendant dies pending litigation. Defendant argues that his action in naming the tortfeasor’s wife as a defendant was sufficient to preserve the action against the succession.
La. C.C.P. art. 734 provides in pertinent part that “the succession representative appointed by the court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration.”
In Minden Bank & Trust Co. v. Childs, 27,135 (La.App. 2 Cir. 6/21/95), 658 So.2d 216, the court said that “the law, very simply, does not allow one to bring an action against an unopened succession for which no representative has been appointed.” In State, through the Dept. of Transp. & Dev. v. Estate of Davis, 572 So.2d 39 (La.1990), the court noted that, in enforcing an obligation against the decedent’s estate, it is the plaintiffs duty to determine whether the succession had been opened and, if not, to initiate proceedings to open the succession and have the proper succession representative named as the defendant.
In this case, while plaintiff filed to have the succession opened, she proceeded to trial before a succession representative was appointed and substituted as a defendant. Thus, the trial court did not err in failing to render a judgment against the succession since any judgment rendered would have been a nullity. See, Charia v. Allstate Ins. Co., 93-1230 (La.App. 4 Cir. 3/29/94), 635 So.2d 370; Holland v. Unopened Succession of Holland, 562 So.2d 1022 (La.App. 3 Cir.); writ denied, 566 So.2d 399 (La.1990).
Plaintiff alleges that this matter is distinguishable from the above cited cases because the action was already pending when defendant died. Plaintiff points to La. C.C.P. art 801-4, found in Chapter 5, Substitution of Parties, in the Code of Civil Procedure, for her contention that the addition of the defendant’s wife as a defendant is sufficient to maintain this action against the defendant’s succession.
La. C.C.P. art. 801 provides for the voluntary substitution for the deceased party. La. C.C.P. art. 802 provides for the involuntary substitution, and states that “On ex parte written motion of any other party, supported by the affidavit of the truth of the facts alleged, the court may order the issuance of a summons to the legal representative to appear and substitute himself for the deceased party.” La. C.C.P. art. 801 states that, in a suit not involving C.C. art. 2315.1, “ ‘legal successor’ means ... the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased’s succession is not under administration therein.” Even La. C.C.P. Art. 802 requires substitution by the legal representative, and not just a legal successor or heir, as a defendant in a lawsuit.[1]
|7In her second allegation of error, the plaintiff alleges that the trial court erred in limiting the damage award to the *555 limits of the policy of insurance issued by defendant GEICO. Plaintiff suggests that the court could have awarded greater damages, and allowed her to collect the excess from the succession at a later date. However, the succession, at the time of trial, was not a party to the action and, as a nonparty, could not have a judgment rendered against it. GEICO’s liability was established by the limits of its policy, and therefore the trial court rendered judgment accordingly.
Next, plaintiff alleges that the trial court erred in failing to grant her motion for new trial and/or additur. However, it is clear that the plaintiff is again challenging the trial court’s refusal to render judgment in excess of the insurance policy against the succession in this matter, which allegation we have previously addressed in this opinion.[2]
Accordingly, we find no merit to plaintiffs argument and no error in the trial court’s decision -which found that Mrs. Bisesi was not a proper defendant in this suit, and which rendered judgment against the only viable defendant in this suit, the liability insurer, in conformity with the policy limits. We therefore affirm the decision of the trial court.
AFFIRMED.

. While plaintiff contends that Mrs. Bisesi is the legal successor, there is nothing in the record to support this contention other than the testimony that Mrs. Bisesi and the deceased were married at the time of his death. It is alleged that the decedent died intestate. The transcript of the trial reflected that the decedent had surviving children at the time of his death. There is nothing in the record to show whether the property of the decedent was community, separate, or both, at the time of death.

. The denial of a motion for new trial is an. interlocutory, non-appealable judgment. Vinson v. State Farm Ins., 98-582 (La.App. 5 Cir. 11/25/98), 722 So.2d 1147.