1 .PEATROSS, Judge.
This appeal arises from the judgment of the trial court against Zeolar Maddox, alleged Succession Representative of Willie H. Mack, and awarding Plaintiff, Lillie Mae Norton, general and special damages in the amount of $200,001 for personal injuries. It is from this judgment that Zeolar Maddox appeals. For the reasons stated herein, the judgment of the trial court is vacated and the case is remanded to the trial court for further proceedings consistent with this opinion.
FACTS
Plaintiff was injured when her rental house, owned by Willie H. Mack, exploded as a result of a gas leak after Mr. Mack and Raymond Graham[1] installed some gas heaters. Plaintiff, after being informed that Zeolar Maddox was allegedly appointed by a Michigan court as the succession representative for the estate of Willie H. Mack, instituted a suit against Zeolar Maddox on June 23, 2000, and caused her to be served via Louisiana’s long-arm statute.
Since Ms. Maddox was a Michigan domiciliary, the trial court ordered James Hatch, a Louisiana attorney, to serve as succession representative “until he was relieved by the court and a foreign succession representative was appointed by a Louisiana court.” Mr. Hatch filed a general denial to the petition on January 15, 1998. Then, on January 22, 1998, Ms. Maddox, through her Michigan attorney, Brian Albritton, filed an answer.
12Mr. Hatch informed Mr. Albritton on the telephone that his duties had ceased in the case because of the filing of Ms. Maddox’s answer. Ms. Maddox, however, was never qualified or appointed by a Louisiana court, and Mr. Hatch was never relieved of his duties by the trial court.
Plaintiff then filed a motion for summary judgment on the issue of liability, which was granted on January 28, 1999, because Ms. Maddox failed to appear at the hearing of the motion. Mr. Hatch also did not appear because he had not been served with the motion. Plaintiffs next served requests for admissions on Ms. Maddox, but not on Mr. Hatch. The admissions, which pertained to the issue of quantum, were deemed admitted on January 6, 2000, because Ms. Maddox failed to respond. On June 20, 2000, Plaintiffs counsel, Mr. Albritton and the trial judge participated in a pre-trial telephone conference. During the conference, the trial judge advised Mr. Albritton to retain a Louisiana lawyer.
On September 11, 2000, a trial on the issue of quantum was conducted. Mr. Al-britton was present, but he was not allowed to participate in the proceedings because he had not retained a Louisiana lawyer. The trial court, however, “gave him another shot at the apple” and allowed him to retain Louisiana counsel for the purpose of filing a post-trial brief and memorandum.' After consideration of the post-trial briefs, the trial court, on December 4, 2000, awarded Plaintiff $200,001 in general and special damages.
On appeal, Ms. Maddox argues that the trial court erred in finding that: (1) she was the succession representative, (2) the Defendant had 13proper notice, and (3) the succession had been properly opened in Louisiana.
*935 DISCUSSION
Ms. Maddox first argues in brief that she is not a proper defendant because she had not been appointed as the succession representative by a court of this state. We agree.
When Plaintiff filed her petition, she stated that she did not know of the succession being opened in Claiborne Parish, Louisiana, and requested that a succession representative be appointed. La. C.C.P. art. 5091 specifically provides that:
A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (c) Deceased and no succession representative has been appointed.
On December 15, 1999, Mr. Hatch was appointed as the succession representative for the estate of Willie H. Mack “until such time as he is relieved and a foreign representative is appointed and qualified by a Louisiana Court.”
Mr. Hatch was never relieved by the trial court and a foreign representative was not appointed and qualified by a Louisiana court. Nonetheless, the final judgment of the trial court reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that damages are fixed in favor of plaintiff, Lillie M. Norton, and against the defendant, the Estate of Willie H. Mack, herein represented by defendant Zeolar Maddox, duly appointed succession representative of the Estate of Willie H. Mack, in the amount of TWO HUNDRED THOUSAND ONE ANDjyslO/lOO ($200,-001.00) DOLLARS, plus judicial interest from the date of judicial demand, December 12,1997, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Estate of Willie H. Mack, herein represented by defendant Zeolar Maddox, duly appointed succession representative of the Estate of Willie H. Mack, be cast with all costs of court.
In addition to the clear wording of the trial court specifically ordering Mr. Hatch to remain the succession representative until relieved and another was qualified and appointed by a Louisiana court, we note that Ms. Maddox did not have the capacity to appear in this case pursuant to the provisions of La. C.C.P. art. 3403, which state in pertinent part, “[a] succession representative appointed by a court outside Louisiana has no capacity to appear in court on behalf of the succession without first qualifying in a court of competent jurisdiction in Louisiana.”[2] Furthermore, La. C.C.P. art. 734 states that “the succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession.”
La. C.C.P. art. 5091 was amended in 1992 requiring the court to appoint an attorney at law to represent the defendant when the defendant is deceased and no succession representative has been appointed. This article does not contain the words “of this state.” La. C.C.P. art. 5091 supersedes La. C.C.P. art. 734 only to the extent that the provisions of article 734 are in conflict with the provisions of the said article 5091. Acts 1991, No. 366. Article *936 734 states that a succession representative must be qualified and |Bappointed by a court of this state. Even though La. C.C.P. art. 5091 does not contain the “of this state” language, we conclude that it is not in conflict with La. C.C.P. art. 734 and must be read in conjunction with La. C.C.P. arts. 734 and 3403.
We, therefore, interpret La. C.C.P. art. 5091(A)(1)(c) to mean that the court shall appoint a succession representative when one has not been appointed by a Louisiana court. As a result, we find that Mr. Hatch was properly appointed under the provisions of La. C.C.P. art. 5091 and that the succession representative under an La. C.C.P. art. 5091 appointment is the proper party defendant in a suit against a succession in Louisiana where no succession representative has been appointed by a Louisiana court.
The case of Minden Bank & Trust Co. v. Childs, 27,135 (La.App.2d Cir.6/21/95), 658 So.2d 216, was cited by Defendant. This court, in Minden, held that the appointment of a curator ad hoc was not equivalent to the appointment of a succession representative. In Minden, La. C.C.P. art. 5091 was never mentioned and our court held that La. C.C.P. art. 734 provides that the succession representative is the proper party defendant in a suit against a succession. Although we note the inconsistency of Minden, supra, and La. C.C.P. art. 5091(C), we distinguish it from the case sub judice because the issue in that case concerned the improper designation of the attorney as curator ad hoc; whereas the appointed attorney in this case was properly designated as the succession representative.
Since Mr. Hatch was appointed under La. C.C.P. art. 5091, the suit should have proceeded against him.
|fiAIl proceedings against such a [deceased] defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him. For the limited purpose of any such action or proceeding, the appointed attorney at law shall be the proper representative of the succession of any such decedent to the same extent as if he were the regularly appointed and duly qualified administrator or executor in such decedent’s succession.
La. C.C.P. art. 5091(B). Every pleading subsequent to the original petition shall be served on the adverse party. La. C.C.P. art. 1312.[3] The suit, therefore, did not proceed against Mr. Hatch subsequent to the serving of the petition because he was not served with any additional pleadings.
We find, therefore, that the trial court erred in finding that Zeolar Maddox was the duly appointed succession representative in Louisiana for the estate of Willie H. Mack; and we, therefore, vacate and set aside the judgment against her. We further remand this case to the trial court to allow Plaintiff to properly proceed against Mr. Hatch or the proper succession representative appointed by a Louisiana court if Mr. Hatch is relieved by the court.
DECREE
For the foregoing reasons, the judgment of the trial court for Lillie Mae Norton and against Zeolar Maddox, Succession Representative for the Estate of Willie H. Mack, in the amount of $200,001, is hereby vacated and the matter is remanded for further proceedings consistent with this opinion.
*937 JUDGMENT VACATED; CASE REMANDED.
APPLICATION FOR REHEARING Before WILLIAMS, GASKINS, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing denied.

. Raymond Graham, a named defendant, is not a party to this appeal. The record does not show that Mr. Graham was ever served and judgment was not rendered against him.

. La. C.C.P. art. 3403 contains the heading, “Capacity to sue,” but we do not find that heading to limit the application of that article. "The headings of the articles ... are used for the purposes of convenient arrangement and reference, and do not constitute parts of the procedural law.” La. C.C.P. art. 5057.

. While we are aware of the provisions of La. C.C.P. art. 5098, which state that the appointed attorney's failure to perform shall not affect the validity of the proceedings, we find that article inapplicable because Mr. Hatch was not served with any pleadings or motions subsequent to the original petition.