SUSAN M. CHEHARDY, Judge.
 

 |2On appeal, plaintiff-appellant seeks review of the trial court’s ruling maintaining defendant-appellee’s exceptions of no cause of action and improper joinder of parties. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.
 

 According to the original petition, Joseph Young, Jr. (“Mr. Young”) was the holder of a promissory note made by Mr. Branch.
 
 [1]
 
 Further, Mr. Young alleges that
 
 *1099
 
 Mr. Branch has failed to make payments since February 24, 2005 and has, therefore, defaulted on the note. Mr. Young further avers that defendant, Gillis Branch, is the surviving spouse of “James Branch” and, as such, is “indebted unto” him for the remainder of the obligation.
 

 Ms. Branch subsequently filed a number of exceptions, including no cause of action and improper joinder of parties. After a hearing, the trial judge maintained those exceptions. Mr. Young appeals that judgment.
 
 [2]
 

 |sIn his first assignment of error, Mr. Young contends that the trial court erred in maintaining Ms. Branch’s exception of no cause of action. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading.
 
 Everything on Wheels Subaru, Inc. v. Subaru South,
 
 616 So.2d 1234 (La.1993). Further, an exception of no cause of action is the proper procedural device to assert that the law does not afford a remedy to a plaintiff because of a lack of privity of contract.
 
 Niland’s Funeral Service, Inc. v. Stanley,
 
 96-378 (La.App. 1 Cir. 11/8/96), 684 So.2d 982, 985.
 

 In this case, Ms. Branch did not sign the promissory note and, therefore, has no privity of contract with Mr. Young. Accordingly, the trial judge did not err in granting her exception of no cause of action.
 

 In his second assignment of error, Mr. Young contends that the trial judge erred in granting his exception of improper joinder of parties. We find no error in the ruling on the merits but we will vacate in order for Mr. Young to amend his petition.
 

 In order for a suit to be brought against a succession, the succession should be opened through legal proceedings in the appropriate court, La. C.C.P. art. 2811, and a succession representative meeting proper qualifications must be appointed by the court. La. C.C.P. arts. 3081-3159;
 
 Holland v. Unopened Succession of Holland,
 
 562 So.2d 1022, 1024 -1025 (La.App. 3 Cir.1990). Formal application for appointment as a succession representative must be made in accordance with prescribed law, and after appointment is made the representative must comply with certain requirements, which include taking an oath, La. C.C.P. art. 3158, and, perhaps, furnishing security. La. C.C.P. arts. 3151-3157.
 
 Id.
 
 Once these | ¿requirements are met, the succession representative will be issued letters of administration or letters testamentary, as the case may be.
 
 Id.
 

 Accordingly, a succession representative is an indispensable party. Without a representative being joined, there could be no adjudication of this matter. La. C.C.P. art. 641. Because of the failure to join the succession representative, the trial judge was correct to grant Ms. Branch’s exception.
 

 However, La. C.C.P. art. 933(B) provides, in part, “When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action of the plaintiff, the judgment sustaining the exception
 
 *1100
 
 shall order plaintiff to remove them within the delay allowed by the court.” Therefore, although the ruling was correct, the trial judge should have allowed Mr. Young time within which to amend his petition. Accordingly, we vacate the ruling on Ms. Branch’s exception of improper joinder of parties and remand to the trial court to set a reasonable time within which Mr. Young must remove the grounds of the objection or face dismissal. Costs of this appeal are assessed against Mr. Young.
 

 AFFIRMED IN PART; VACATED IN PART AND REMANDED.
 

 [1]
 

 . In the petition, the maker of the note is referred to as "James Branch.” However, in her exceptions, defendant refers to her deceased husband as "Eddie Branch.” Because his identity is not an issue in this appeal, we will refer to him simply as "Mr. Branch.”
 

 [2]
 

 . In this matter, the written judgment grants Ms. Branch’s exceptions of no cause of action and improper joinder of parties but fails to dismiss the petition. However, during the hearing, the trial judge verbally dismissed the petition. In this specific instance, we find that the trial court’s written judgment implicitly dismissed the petition and, thus, Mr. Young is entitled to an appeal of that judgment.
 
 See,
 
 La. C.C.P. arts. 1911, 2082 and 2083(A).