CARAWAY, J.
11 This case involves the partition of a tract of land that resulted after one co-owner sued the unopened succession of the common ancestor-in-title. That deceased former owner had acquired the property in 1927. The initial licitation suit resulted in judgment and the sheriffs sale of the property to the plaintiff/co-owner who initiated the action. Plaintiffs in the present proceeding, who are out-of-state residents, seek to declare the licitation suit a nullity for the. lack of service of process upon them, The trial court granted an exception of prescription and dismissed the suit since the nullity action was commenced over two years after the sheriffs sale. On other grounds, we affirm the dismissal of the plaintiffs’ claims.

Facts and Procedural History

This action which commenced in 2014 seeks to set aside a prior proceeding from 2010 (hereinafter the “Licitation Suit”) filed by LEWLA, LLC, which'partitioned a tract of land (hereinafter the “Property”) in Claiborne Parish. The Licitation Suit resulted in a judgment and ultimate sheriffs sale of the Property in early 2011 to LEWLA. The plaintiffs (the “Plaintiffs”) in the present action (the “Nullity Action”) now seek to declare the judgment in the Licitation Suit and the resulting sheriffs sale of the Property nullities. The present action was filed in the district court under the same suit number as the Licitation Suit, and pleadings of both actions are before us in this appeal.
1 yThe Plaintiffs in the Nullity Action all reside out of state. It appears[1] that as many as 9 of the 13 Plaintiffs were named as defendants in the Licitation Suit along with the Unopened Succession of Willie Smith. ■ We gather, from the title data included in the allegations. of the petition in the Licitation .Suit, that Willie Smith first acquired the property in 1927. There appears to be no dispute that Willie Smith is the common ancestor-in-title to all the parties in both the Licitation Suit and this Nullity Action. The unopened successions of some of Willie Smith’s descendants were *12 also named as defendants in the Licitation Suit. The defendants named in the Licitation Suit are as follows:
Unopened succession of Willie Smith
Unopened succession of Drew Smith
Unopened succession of Annie T. Smith
Unopened succession of Wafer Smith
Unopened succession of Leslie Smith
Unopened succession of John S. Smith
Unopened succession of J.T. Smith
Unopened succession of J. Drew Smith
Ludie Mosely Smith Cloman
Johnny Shepherd
Betty Shannon
Margarete Smith
Lola V. Smith White
Gertrude S. Bradley
J.T. Smith, Jr.
Clarice Smith
Esther Matthews
J. Drew Smith, Jr.
Bruce Smith
Diane McGee
Michael Smith
| sThe names of these defendants listed in bold are apparently some of the named Plaintiffs in the Nullity Action.
The Nullity Action alleges that all of the 13 Plaintiffs “are-the heirs of Drew Smith, J.T. Smith, Sr., John Smith, Drew Smith, Jr., and Guy Smith.” From the heirship information alleged in the Licitation Suit, all of these descendants from whom Plaintiffs derived their rights were heirs of Willie Smith. The Nullity Action further alleges that none of the Plaintiffs were served with process in the Licitation Suit or notified of that action in 2010.
LEWLA’s initial suit for licitation alleged a chain of title to the Property , by reference to recorded instruments. The chain reflected a 1927 partition deed purportedly conveying the Property to Willie Smith. The petition then pled the death of Willie Smith and certain of his descendants, which explains the listing of the unopened successions as defendants in the Licitation Suit. The Licitation Suit further alleged that LEWLA owned a one-third undivided interest in the Property and the other named individual defendants owned the remaining two-thirds of the Property, as descendants of Willie Smith and some of his deceased children. Finally, the title information alleged in the Licitation Suit shows a 1995 deed by one of the Smith heirs to a predecessor-in-title to LEWLA, which evidently acquired that interest in 2006.
The Licitation Suit claimed that all of the 13 individual defendants were absentees with their whereabouts unknown. Therefore, an attorney was appointed to represent the absentee and/or nonresident defendants and the unopened successions. The order appointing the attorney also ordered |4that notice of the institution of the partition action be published according to law. The appointed attorney placed two advertisements in the official journal for Claiborne Parish seeking information on the whereabouts of the 22 absentee or nonresident defendants. The curator attorney also filed an answer denying the allegations of the petition.
On November 8, 2010, following trial of the action, a judgment of partition by lici-tation was rendered. The minutes of the proceeding reflect that a “report of the curator was given,” and the judgment states that the plaintiff had “proven up their [sic] case.” No transcript of that November 8, 2010 hearing was filed in evidence in the Nullity Action, nor is it in this appellate record.
On January 19, 2011, the Property was sold at a sheriffs sale, with LEWLA as the purchaser. On February 2, 2011, the *13 judgment of homologation was filed, ordering a portion of the funds from the sale delivered to LEWLA, in its capacity as co-owner, and the remaining funds belonging to the absentee defendants deposited in the registry of the court.
In response to this 2014 Nullity Action, LEWLA filed exceptions of no cause of action and prescription. LEWLA argued that the court-appointed attorney in the Licitation Action represented the unopened successions pursuant to law. LEWLA further asserted that said attorney filed an answer, published notices, and made every reasonable effort to contact the absentee defendants. As to the prescription claim, LEWLA argued, pursuant to La. R.S. 9:5622, that this action against the purchaser at the sheriffs sale prescribed two years from the date of the judicial sale.
| ¿The trial court granted the exception of prescription, while declining to rule on the exception of no cause of action.
It is from this ruling that the Plaintiffs appeal.

Discussion

LEWLA was both the plaintiff in the Licitation Suit and the purchaser at the sheriffs sale. Clearly, the two-year prescription statute urged by LEWLA, La. R.S. 9:5622,[2] would have application to a third party purchaser who was uninvolved in the partition action as a party and co-owner. Nevertheless, LEWLA was not a third party purchaser and the claim directed against it is a suit for the nullity of'the judgment which it obtained in the Licitation Suit. Accordingly, -considering the proceedings at hand as a nullity action, we will review the nature of the cause of action[3] now asserted by Plaintiffs and the prescription issues applicable to a nullity action under La. C.C.P. arts.2002, et seq. We find that the two-year prescription of La. R.S. 9:5622 does not apply to protect LEWLA from this Nullity Action.[4]
A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law. La. C.C.P. art. 2002(A)(2). Such a nullity action may be brought at any time. IfiLa. C.C.P. art. 2002(B). The Plaintiffs now assert that they and LEWLA were parties to the Licitation Suit, which because of the lack of service upon Plaintiffs by LEWLA, should be annulled.
Along with naming the unopened succession of Willie Smith in the Licitation Suit, LEWLA also named the descendants and heirs of Willie Smith. The allegations as set forth in the title chain attached to the petition further show that in 1995, Ruth L. Smith Battle conveyed by deed her interest in the Smith family property to parties outside the Smith family descendancy. LEWLA eventually acquired that interest, which it asserted in the Licitation Suit to be one-third of the former ownership of Willie Smith. Therefore, in bringing the Licitation Suit, LEWLA effectively alleged that (1) it derived its interest in the Prop *14 erty from Willie Smith, who once owned the entirety of the Property; (2) no succession of Willie Smith at his death was ever formally opened in court, (3) Willie Smith died intestate, and (4) LEWLA is a co-owner with all of the other intestate heirs and descendants of Willie Smith, Importantly, the allegations of Plaintiffs’ Nullity Action also indicate that they derived their interest in the Property as heirs (great-grandchildren) of Willie Smith. There is no dispute that Willie Smith died intestate, beginning the devolution of the undivided interests to the parties now involved in this dispute;
In summary, LEWLA’s suit for partition and licitation was filed against the unopened succession of Willie Smith, from which LEWLA’s standing as a co-owner to the Property was derived. We find the following articles in the Louisiana Civil Code and Code of Civil Procedure must be ^assessed for the measure of the Licitation Suit and most importantly the service of process employed.
Under Louisiana Civil Code Articles 937 and 938, the rights of ownership of the decedent are transmitted upon death to the successor, who may exercise rights of ownership to his interest in the property of the estate. This exercise of rights, including the transfer of ownership, may occur prior to the qualification of a succession representative or a formal judgment of possession, and the éffect of that exercise is subordinate only to any administration of the estate. Revision Comment (a) of La. C.C. art. 938; Anding v. Anding, 37,-778 (La.App.2d Cir.10/29/03), 859 So.2d 901.
From these provisions, despite the lack of formal succession proceedings for Willie Smith and some of , his children and other descendants, a conveyance of an undivided interest in the Property by a descendant of Willie Smith could occur. LEWLA alleges that such transfer of rights in the Property occurred in 1995, and that it later acquired that undivided interest.
LEWLA’s alleged undivided interest in the Property made it a co-owner with other heirs and descendants of Willie Smith. This standing as co-owner was part of the merits that LEWLA had to prove, leading to the judgment in the Licitation Suit. Any co-owner has a right to demand partition of a thing held in indivisión. La. C.C. art. 807. The action of partition will not only lie between co-heirs and co-legatees, but between all persons who hold property in common, from whatever cause they may hold in common. La. C.C. art. 1308.
|sThe primary flaw in the Licitation Action asserted- by Plaintiffs is that the unopened succession of Willie Smith could not be sued as a defendant without the formal opening of the succession and the appointment of a succession representative. Concerning the appointment of a succession administrator, La. C.C.P. art. 3097(B) provides as follows:
No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.
Under this article, upon the filing of the Licitation Suit, to the, extent that administration of the unopened Willie Smith succession was necessary, either LEWLA or the court-appointed attorney might have formally petitioned for the appointment of a succession administrator. Nevertheless, this Article’s listing of-a co-owner as a possible party to seek appointment as ad *15 ministrator is not a requirement that such appointment occur in a partition action.
LEWLA argues that its -partition suit against the unopened successions of the Willie Smith family is authorized under La. C.C.P. art. 5091(A)(2)(a) without the appointment of a succession representative. In Martin v. Unopened Succession of Martin, 49,573 (La.App.2d Cir.1/14/15), 161 So.3d 1010, this court addressed this provision and the allowance in our law for suits against unopened successions, as follows:
Our jurisprudence previously provided that the law did not allow one to bring an action against an unopened succession for which no representative has been appointed. Minden Bank & Trust Co. v. Childs, 27,135 (La.App.2d Cir.6/21/95), 658 So.2d 216. See also Holland v. Unopened Succession of Holland, 562 So.2d 1022 (La.App. 3d. Cir. 1990), writ denied, 566 So.2d 399 (La. 1990). In 1991 and 1992, the law was amended to provide a specific procedure for filing suit against deceased persons for whom no succession representative has been appointed. By Acts 1991, No. 366, La. C.C.P. art. 5091 was amended to add (A)(2)(a) of that article, which provides: . .
A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(2) The action of proceeding is in rem , and:
(a) The defendant is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession judicially.
Notes to the Act state that “Code of Civil. Procedure Article 734 and R.S. 48:441 through 48:460, inclusive, , are hereby superseded to the extent that those provisions are in conflict with the provisions of this Act and all other laws or parts of laws in conflict herewith are hereby repealed.”
In Acts 1992, Np. 584, La. C.C.P. art. 5091(A)(1)(c) was added,' which states:
’ A. The court shall-appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over th¿ person or property of the defendant, or over the status involved, and the defendant is:
(c) Deceased and no succession representative has been appointed.
Id. at 1018.
In, view of the changes to La. C.C.P, art. 5091, we find that the , district court had jurisdiction over the property and its ownership emanating from the-decedent, Willie Smith, whose succession had never been formally opened with appointment of a succession representative. Therefore, the |1flappointment of the .curator attorney in the Licitation Action was. in compliance with La. C.C.P. art. 5091.
Another procedure for partition of property set forth in the Code of Civil Procedure is also instructive when considering the alleged nullity of LEWLA’s Lici-tation Suit. Articles 4621, et seq,, set forth the procedure for a partition suit when a co-owner defendant is an absentee. The definition of an “absentee” under Article 5251(1)[5] includes “a nonresident of this *16 state.” La. C.C.P. art. 5251(1). Article 4623 addresses service of process for such partition suit involving a nonresident absentee, as follows:
When the petition for a partition discloses that the plaintiff is entitled thereto, and that the absent and unrepresented defendant is an absentee who owns an interest in the property, the court shall appoint an attorney at law to represent the absent defendant, .and shall order the publication of notice of the institution of the proceeding.
The citation to the absent defendant and all other process shall be served on or service thereof accepted by the attorney at law appointed to represent him, and all proceedings shall be conducted contradictorily against this attorney.
La. C.C.P. art. 4623.
Thus, in its Licitation Suit, while LEWLA might have sued the unopened succession of Willie Smith alone under the allowance afforded under Article 5091, it further attempted to identify the presumptive heirship of Willie Smith and made those individuals absentee party defendants pursuant to Article 4623. In any event, when a partition suit is' prosecuted In against an unopened succession or against nonresident absentee defendants, the appointment of a curator attorney is the proper procedure under our law.. In this case, one attorney was appointed both for the unopened successions and the presumptive Smith heirs, and constructive service and notice was also given in accordance with Article 4623 by publication.
From this law authorizing the filing of the Licitation Suit and the appointment of the curator attorney, LEWLA prosecuted that suit to judgment following a contradictory hearing between LEWLA and the curator attorney representing the unopened successions and absentee co-owners. That judgment is final and is the subject of this Nullity Action filed in the very samé suit proceeding. We find that the court had subject matter jurisdiction to adjudicate LEWLA’s ownership and partition the immovable. We further find, contrary to the Plaintiffs’ assertions, that the judgment rendered against the defendants in the Licitation Suit occurred after the proper service of process under our law. Accordingly, we find that Plaintiffs have alleged .no grounds for absolute nullity of the Licitation Suit under La. C.C.P. art. 2002.
The remaining grounds set forth in the Code of Civil Procedure and the jurisprudence for the action of nullity are identified in Article 2004 under the categoiy of “fraud and ill practices.” In their brief to this court, Plaintiffs admit that “no specific allegation of fraud was made in the petition” for the Nullity Action against LEW-LA. Likewise, the Plaintiffs’ petition never clearly alleges the occurrence of “ill practice” by LEWLA in the prosecution of the Licitation Suit.
| ^Nevertheless, Plaintiffs did make the following allegations in the petition:
6.
That an oil, gas and mineral lease dated April 25, 1987 recorded in Conveyance Book 686, page 141, lists Esther Lee Smith Matthews, Thurman Smith, J.T. Smith, Jr., Lola V. Smith, Clarine Chalk, Gertrude Bradley, Drew Smith, Jr., John Smith and Ruth Smith Battle as owners of the South half of the North half, Section 9, Township 21 North, Range 6 West, Claiborne Parish, Louisiana, less and except 10 acres along the *17 North side of the South half of the of said section, totaling 150 acres.
[[Image here]]
8.
That Lola V. Smith White, J.T. Smith, Jr., Esther Lee Smith Matthews, and J. Drew Smith, Jr. were made parties defendant in civil docket number 39,056.
9.
That the other parties were not made parties defendant although the said oil, gas and mineral lease reflects their correct names and addresses.
10.
That the records of the tax assessor of Claiborne Parish will reflect that at the time of the filing of the partition suit and prior thereto, the tax notice on all the property was being sent, to Clarine Smith Chalk at 15801 Foothill Boulevard, Sylmar, California 91342.
11.
Any reasonable examination of the record of Claiborne Parish by LEWLA, LLC or the attorney appointed to represent all of the defendants would have revealed the addresses set forth on the oil, gas and mineral lease referred to hereinabove and the records of the tax assessor showing how said property assessed and the person to whom the notices were given.
⅜ ⅜ «⅜
17.
The defendant herein provided no addresses or phone numbers to the attorney appointed to represent the defendants in the partition proceeding (plaintiffs herein).
18.
That defendant was aware how to contact Esther Matthews because-she in fact received a phone call from defendant trying to purchase her interest in the property and she refused to sell it.
11sDespite these allegations of Plaintiffs’ petition, there is no charge that LEWLA by “ill practice” withheld known addresses or misled the curator attorney regarding any information about the absentee persons, who were presumptively the heirs of Willie Smith. All of the alleged information about the out-of-state addresses for these presumptive heirs was in the public records and may have been discovered by the curator attorney. From LEWLA’s perspective, the suit against the unopened succession of Willie Smith was the primary procedural course required for partition since no formal suit proceeding had ever clearly identified the other named parties as heirs. Finally, from the definition of “absentee” under Article 5251(1), the individual Plaintiffs who were named in the Licitation Suit were admitted nonresidents of Louisiana, making them absentees whether or not their addresses were known to LEWLA. See, Carter v. First South Farm Credit, 49,531 (La.App.2d Cir.1/14/15), 161 So.3d 928, writ denied, 2015-1166 (La.9/18/15), 178 So.3d 151 (where, in an executory process proceeding, the trial court did not err in the appointment of a curator attorney despite the plaintiffs’ knowledge of the defendants’ mailing address).
Accordingly, from our review of the allegations quoted above, Plaintiffs have not stated sufficiently any cause of action for nullity based upon ill practices employed by LEWLA in its Licitation Suit. The exception of no cause of action is therefore granted. Pursuant to La. C.C.P. art. 934, the case is remanded to the trial court to allow Plaintiffs to amend their petition within 30 days of the finality of this judgment.

*18
^Conclusion

' The applicable procedures for the partition of an.immovable involving ownership of an unopened succession or absentee nonresidents of this state require the appointment of a curator attorney. Finding that such procedure occurred in this partition, the Plaintiffs’ suit for nullity is dismissed on the peremptory exception of no cause of action. The case is remanded for leave to amend pursuant to La. C.O.P. art. 934. Costs of this appeal are assessed to appellants.
AFFIRMED ON OTHER GROUNDS, REMANDED.
DREW, J., concurs.

. Due to the common name of "Smith,” inheritance between generations, married names, and spelling errors, it is not completely clear how many of the plaintiffs in the Nullity Action were actually named defendants in the Licitation Suit.

.La. R.S. 9:5622 provides, in pertinent part:
All informalities of legal procedure connected with or growing out of any sale at public auction or at private sale of real or personal property made by any sheriff of the Parishes of this State, licensed auctioneer, or other persons authorized by an order of the courts of this State, to sell at public auction or at private sale, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale. ' '

. Pursuant to La. C.C.P. art. 927(B), the appellate court may notice the failure to disclose a cause of action on its own motion.

. We also note that as between the co-owner parties to a partition, La. C.C. arts, 1413 and 3497 provide for a 5-year prescriptive period for the rescission of a partition.

. La. C.C.P. art. 5251(1) defines "absentee” as follows:
"Absentee” means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who . has not appointed, an agent for the service of process in this state in the manner directed by law; or a person whose where *16 abouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.