CARAWAY, J.,
dissenting.
h.I respectfully dissent.
The judgment at issue was rendered in an in rem partition action wherein numerous unopened successions are identified as defendants. The judgment in favor of ap-pellee/intervenor now reads as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment against HUNTER ESTATE, INC., CHRISTELLA C. HUNTER or her unopened succession; SAMUEL GLEN HUNTER or his unopened succession; SAMUEL HUNTER, JR. or his unopened succession; ESSIE L. HUNTER GARRETT or her unopened succession; ALBERT JUDGE HUNTER or his unopened succession; SULLIVAN HUNTER or his unopened succession; JIMMY LEE HUNTER GLOVER or his unopened succession; BETTY GRACE HUNTER PIERCE or her unopened succession; ROSCO S. BARNES; BERNICE B. ROLLINS or her unopened succession; FRANK RANDLE; THE SUCCESSION OF EVELYN J. MCFADDEN; ESTER RUTH KYLE or her unopened succession; ROSIE LEE DOVERS WILSON or her unopened succession; The unopened succession of WILLIE B. FOSTER; IREALOUS HODGE; HAZEL HODGE; DEBRA HODGE; ELLIS HODGE or his unopened succession; *1266 ADA HODGE or her unopened succession; IREALOUS JAMES HUNTER; The unopened succession of OSCAR HUNTER; BEATRICE HUNTER WHITE or her unopened succession; EDWARD HUNTER, III; DOROTHY L. BEST or her unopened succession; RUTHIE L. HUNTER or her unopened succession; and JAMES C. HUNTER, JR. or his unopened succession herein and in favor of the Interve-nor, JOHN HOYCHICK, JR. for expenses and attorney fees rendered through the date hereof in the total amount of $50,037.26 and for all costs and legal interest from date of judicial demand.
It is clear from the record that many unopened successions and unknown heirs of the decedents for those unopened successions are allegedly named in the suit. Initially, upon the filing of the partition by Delta Land and Investments, LLC, an attorney was first appointed as a “curator” for unopened successions. Yet, Appellee’s intervention was asserted against the unopened successions for a personal judgment. The above-quoted judgment purports to be a personal judgment against unopened successions. The attorney purportedly now representing the unopened ^successions enrolled upon the assertion that he “has been retained by Defendants, Hunter Estates, Inc., et al,” and many of those defendants, now the appellants, are unopened successions. The person allegedly negotiating the attorney’s fee contract, Ed Hunter, III, is apparently now deceased. Yet, his succession was not named as a defendant prior to the trial of this matter.
Apart from the general rule that suits against a decedent shall be brought against the succession representative (La. C.C.P. art. 734), La. C.C.P. art. 5091(A) provides the right to proceed against an unopened succession in an in rem proceeding involving his property. Cf. Lewla, LLC v. The Unopened Succession of Willie Smith, 50,315 (La.App. 2d Cir. 1/27/16), 187 So.3d 10 (involving a partition action naming as defendants unopened successions). The present partition action involves the property of many decedents with unopened successions and out-of-state persons and presumed heirs. There is no apparent personal jurisdiction for a contract claim over out-of-state and unknown parties. I find therefore that the above-quoted decree for a money judgment against unopened successions in this in rem property partition involves a no right of action which may be noticed on appeal. La. C.C.P. art. 927(B). As to the defendant, Hunter Estates, Inc., the alleged oral contract of mandate involving the attorney and Ed Hunter has not been sufficiently shown to be the binding obligation of the corporation.